STATE OF NORTH CAROLINA v. MARCELLE ANTONIO BOGLE

No. 307A88

(Filed 2 March 1989)

1. **Criminal Law § 111.1; Narcotics § 4.5— willful blindness—inconsistent with North Carolina law**

　　　The trial court erred in a prosecution for trafficking in marijuana by instructing the jury on willful blindness. Willful blindness is inconsistent with North Carolina law in that our jury instruction as to circumstances from which knowledge may be inferred is far broader than the limited concept of willful blindness; the instruction in this case erroneously informed the jury that the evidence showing deliberate avoidance of knowledge was, alone, a sufficient basis for finding knowledge.

2. **Criminal Law § 111.1; Narcotics § 4.5— willful blindness instruction—erroneously given—prejudicial**

　　　Erroneously giving a willful blindness instruction in a prosecution for trafficking in marijuana was prejudicial where the only contested issue was

State v. Bogle

whether defendant knew the marijuana was in the truck; the only instruction on knowledge was the willful blindness instruction; and defendant acknowledged that the circumstances of the case raised an inference that he knew the marijuana was in the truck, although that inference was contradicted by other evidence presented by defendant which appeared to carry some weight with the jury, as demonstrated by the circumstances of the jury's deliberations.

3. **Criminal Law § 117.5— trafficking in marijuana—failure to instruct on character trait of being law-abiding—error**

The trial court erred in a prosecution for trafficking in marijuana by failing to instruct that defendant's evidence of the particular character trait of being law-abiding could be considered as substantive evidence of his innocence. The character trait of being law-abiding is pertinent in virtually all criminal cases, and testimony that ". . . there was nothing before this" did not address only the fact that defendant had no prior arrests or convictions, but was simply a statement to the effect that there was nothing before the current charge which would have indicated that defendant was not a law-abiding person. N.C.G.S. § 8C-1, Rule 404(a)(1).

4. **Criminal Law § 117.5— trafficking in marijuana—character trait of being law-abiding—substantive evidence**

Defendant in a prosecution for trafficking in marijuana was entitled to an instruction on his character trait of being law-abiding as substantive evidence of his innocence where defendant requested the instruction and there was competent evidence of the trait.

5. **Criminal Law § 34— character trait of being law-abiding—lack of prior convictions—not admissible**

Evidence of a lack of prior convictions was not admissible in a prosecution for trafficking in marijuana to show the character trait of being law-abiding where the evidence presented was neither in the form of reputation nor of an opinion and was not of the character contemplated in N.C.G.S. § 8C-1, Rule 405(a). Evidence of the lack of prior convictions is not evidence of the character trait of being law-abiding, but only of the fact that one has not been convicted.

6. **Criminal Law § 85.1— trafficking in marijuana—reputation for truthfulness and honesty—could not be considered as substantive evidence**

The trial court in a prosecution for trafficking in marijuana correctly refused to give defendant's requested instruction that evidence of defendant's reputation for truthfulness and honesty could be considered as substantive evidence of defendant's innocence. The traits of truthfulness and honesty are not pertinent character traits to the crime of trafficking in marijuana by possession or transportation. N.C.G.S. § 8C-1, Rule 404.

Justice WEBB concurring.

APPEAL as of right by defendant pursuant to N.C.G.S. § 7A-30(2) from a divided panel of the Court of Appeals, reported at 90 N.C. App. 277, 368 S.E. 2d 424 (1988), on the issue of a

"willful blindness" jury instruction. On discretionary review pursuant to N.C.G.S. § 7A-31 on an additional issue of evidence of character traits as substantive evidence of defendant's innocence. The divided panel found no error in the judgment entered by *Phillips, J.,* at the 29 June 1987 Criminal Session of Superior Court, NORTHAMPTON County, upon convictions by a jury of trafficking in marijuana by possession and trafficking by transporting. Heard in the Supreme Court 16 November 1988.

*Lacy H. Thornburg, Attorney General, by Howard E. Hill, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for defendant-appellant.*

MEYER, Justice.

This case presents two questions of first impression to this Court. The first question is whether the trial court erred in giving a jury instruction on willful blindness. We hold that it did and order a new trial. The second question is whether the defendant was entitled to a jury instruction that the evidence of his character trait of being "law-abiding" could be considered as substantive evidence of his innocence. We hold that he was entitled to the instruction.

Since we award defendant a new trial, we relate only the facts necessary for an understanding of the issues on appeal.

On 7 April 1987 at 12:30 p.m. defendant Marcelle Antonio Bogle was driving a pickup truck from Florida to New York on I-95 North. At about 12:30 p.m. a North Carolina State Trooper stopped him for speeding near the Virginia line in Northampton County. Defendant consented to a search of the truck—a 1987 Toyota with a camper top. Packed behind several chairs and some other household goods in the back of the truck, the trooper found five cardboard boxes sealed with duct tape. The boxes contained large plastic garbage bags filled with marijuana, totaling 176 pounds.

Defendant was arrested and subsequently charged with two counts of violating N.C.G.S. § 90-95(h)(1)(b): trafficking in marijuana by possession and trafficking in marijuana by transporting

100 pounds or more but less than 2,000 pounds. At trial defendant entered a plea of not guilty.

To convict defendant of the charged offenses, the State was required to prove that defendant knowingly possessed and transported the marijuana found in the truck. *See State v. Weldon*, 314 N.C. 401, 403, 333 S.E. 2d 701, 702 (1985).

The State's evidence tended to show that the defendant's possession was "knowing." Trooper Harbeson, who had stopped defendant for speeding, testified that after having been advised of his rights, defendant told him that "[t]hey told me to tell the police this was my uncle's truck." When Harbeson asked defendant if he knew what Harbeson had been searching for, defendant replied, "I knew what you were looking for." Defendant also testified, however, that he had not known the marijuana was in the truck. He had been hired by a fellow Jamaican he knew only as "Tony" to drive the truck to New York for $1,000 plus expenses. The truck was registered in the name of a third person. Defendant further testified that he had not known what was in the back of the truck until the trooper unpacked the back, opened the boxes, and discovered the marijuana inside them.

Defendant's uncle, Byrum Townsend, testified that defendant had a good reputation for law-abidingness, for truth and veracity, and for honesty.

At the charge conference, the prosecution requested that the trial court's charge to the jury contain willful blindness instructions based upon *United States v. Jewell*, 532 F. 2d 697 (9th Cir.) (en banc), *cert. denied*, 426 U.S. 951, 49 L.Ed. 2d 1188 (1976).[1]

---

1. In *Jewell* the United States Court of Appeals for the Ninth Circuit held that the term "knowingly" in the federal Drug Control Act includes not only positive knowledge, but also "a mental state in which the defendant is aware that the fact in question is highly probable but consciously avoids enlightenment." *Id.* at 704. The court held that the jury should be instructed "(1) that the required knowledge is established if the accused is aware of a high probability of the existence of the fact in question, (2) unless he actually believes it does not exist." *Id.* n.21.

The court refined its decision in *United States v. Murrieta-Bejarano*, 552 F. 2d 1323 (9th Cir. 1977), by holding that a "*Jewell* instruction should not be given in every case where a defendant claims a lack of knowledge, but only in those comparatively rare cases where, in addition, there are facts that point in the direction of deliberate ignorance." *Id.* at 1325.

Defendant objected to the proposed instructions on two grounds: (1) because "it does not comport with the law of North Carolina"; and (2) alternatively, because the evidence failed to support a willful blindness instruction.

The trial judge gave a willful blindness instruction on each charge.[2] No other instructions were given with respect to the element of knowledge. Before the jury retired, defendant renewed his earlier objections.

I.

[1] Defendant objected to the *Jewell* instruction, arguing that a willful blindness instruction was improper because the willful blindness doctrine "does not comport with the law of North Carolina." We agree. Such an instruction is error, regardless of the language used.

The willful blindness doctrine permits a jury to find that a defendant has knowledge of the material facts because he has deliberately chosen to remain ignorant of illegal activity that would have been disclosed by further investigation. *United States v. Jewell*, 532 F. 2d 697, 704 (9th Cir.). Willful blindness is inferred when the jury finds (1) the defendant is aware of the high probability of the existence of a fact, (2) but acts with a conscious pur-

---

2. The trial court instructed the jury with respect to the element of knowledge as follows:

[T]he term "knowingly possessed" in this case and under this criminal statute, is not limited to positive knowledge. But when the defendant is aware that the fact in question is highly probable, includes the state of mind of one who does not possess positive knowledge merely and only because he consciously avoids so—let me correct myself—so the required knowledge is established if the defendant is aware of a high probability of the existence of the fact in question unless he actually believes it not to exist and consciously avoids enlightenment.

. . . .

. . . [T]he term "knowingly transported" in this criminal statute is not limited to positive knowledge. But includes—but when the defendant is aware that the fact in question is highly probable, it includes the state of mind of one who does not possess positive knowledge only because he consciously avoids it. So, the required knowledge is established if the defendant is aware of a high probability of the existence of the fact in question, unless he actually believes it not to exist and consciously avoids enlightenment.

pose to avoid the truth, (3) unless he actually believes the fact not to exist. *Id.* n.21.

The willful blindness doctrine is primarily recognized by English authorities. *Id.* at 705 (Kennedy, J. (now a Justice of the United States Supreme Court), dissenting). "A classic illustration of this doctrine is the connivance of an innkeeper who deliberately arranges not to go into his back room and thus avoids visual confirmation of the gambling he believes is taking place.[3]" *Id.* (n.3: "*See, e.g., Bosley v. Davies*, [1875] L.R. 1 Q.B. 84"). It has been incorporated by some federal courts as a basis for the inference of "knowledge" when knowledge of the existence of a particular fact is an element of an offense. *See, e.g., United States v. Krowen*, 809 F. 2d 144 (1st Cir. 1987).

Our Court of Appeals concluded that the doctrine of willful blindness is consistent with the law of North Carolina. We disagree.

Knowledge is a mental state that may be proved by offering circumstantial evidence to prove a contemporaneous state of mind. Jurors may infer knowledge from all the circumstances presented by the evidence. It "may be proved by the conduct and statements of the defendant, by statements made to him by others, by evidence of reputation which it may be inferred had come to his attention, and by [other] circumstantial evidence from which an inference of knowledge might reasonably be drawn." *State v. Boone*, 310 N.C. 284, 294-95, 311 S.E. 2d 552, 559 (1984). Thus, our jury instruction as to circumstances from which knowledge may be inferred is far broader than the limited concept of willful blindness. A willful blindness instruction as given here fails to adequately instruct the jury on the concept of inferred "knowledge" when knowledge is an element of the offense.

A trial judge is required by N.C.G.S. § 15A-1231 and N.C.G.S. § 15A-1232 to instruct the jury on the law arising on the evidence. This includes instruction on the elements of the crime. Knowledge is a substantive feature of the crime charged here. Failure to instruct upon all substantive or material features of the crime charged is error. *State v. Loftin*, 322 N.C. 375, 368 S.E. 2d 613 (1988) (error to fail to instruct on defense of accident); *State v. Shaw*, 322 N.C. 797, 370 S.E. 2d 546 (1988) (no error to fail to instruct on identification where instructions as a whole made

clear that the jury must find beyond a reasonable doubt defendant committed the burglary); *State v. Fearing,* 304 N.C. 471, 284 S.E. 2d 487 (1981) (error to fail to instruct that defendant knew the object he hit was a person); *State v. Ferrell,* 300 N.C. 157, 265 S.E. 2d 210 (1980) (prejudicial error to fail to instruct on the lesser included offense of voluntary manslaughter and on the defense of self-defense); *State v. Ward,* 300 N.C. 150, 266 S.E. 2d 581 (1980) (prejudicial error to fail to instruct that defendant's act caused the death and on mens rea—defendant must intend his act of shooting victim); *State v. Mercer,* 275 N.C. 108, 165 S.E. 2d 328 (1969) (prejudicial error to fail to charge on the implications of unconsciousness); *State v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53 (1950) (prejudicial error to fail to charge on lesser degrees of assault with a deadly weapon with intent to kill).

These cases demonstrate that all substantive and material features of the crime with which a defendant is charged must be addressed in the trial court's instructions to the jury. The instruction given in this case erroneously informs the jury that the evidence showing deliberate avoidance of knowledge is, alone, a sufficient basis for a finding of knowledge. Because the "willful blindness" jury instructions given here failed to adequately address the material element of knowledge, there was error. We hold that the willful blindness instruction is inconsistent with North Carolina law, and thus the trial court erred in giving such an instruction to the jury.[3]

[2]   Moreover, we are persuaded that there is a reasonable possibility that "but for" the instruction the jury would have reached a different result at trial. The only contested issue in the case was whether the defendant "knew" the marijuana was in the truck. The only instruction given on "knowledge" was the willful blindness instruction. Defendant acknowledged that the circumstances of the case raised an inference that he knew the marijuana was in the truck. However, that inference was contradicted by other evidence presented by defendant which appeared to carry some weight with the jury, as demonstrated by the circumstances of

3. For criticism of the doctrine, see *United States v. Jewell,* 532 F. 2d at 705 (9th Cir.), and *Andrews v. Florida,* 536 So. 2d 1108, 13 Fla. L. Weekly 2735 (Fla. Dist. Ct. App. 1988) (en banc) (Stone, J., concurring in part and dissenting in part).

the jury's deliberations. The jury deliberated several hours; it twice asked the judge to be permitted to review defendant's testimony. The jury foreman passed a note to the judge in which he stated that some of the jurors could not come to a decision without this testimony. At the time of the jury's request, the judge polled the jury; the vote was eight to four. These facts raise the reasonable possibility that, had the judge not given the willful blindness instruction, the jury would not have found beyond a reasonable doubt that defendant knew that the marijuana was in the truck and would have reached a different result. N.C.G.S. § 15A-1443(a) (1988). Accordingly, we hold that the error in giving the willful blindness instruction entitles defendant to a new trial. Having decided this issue on this ground, it is unnecessary to consider other grounds argued by defendant on the first assignment of error in his brief.

## II.

[3] Because the issues raised in defendant's second assignment of error are likely to recur on retrial, we elect to consider them. Defendant contends, and we agree, that the trial court erred in failing to instruct that his evidence of the particular character trait of being "law-abiding" could be considered as substantive evidence of his innocence.

At trial defendant presented evidence through his uncle Byrum Townsend. When asked if he knew his nephew's reputation for being a law-abiding citizen, Mr. Townsend responded, "I would say excellent. Because there was nothing before this incident." At the jury charge conference, defendant requested the court to instruct the jury that the evidence of defendant's character trait of being law-abiding be considered as substantive evidence of his innocence. The trial judge erroneously refused to give the requested instruction on law-abidingness.

N.C.G.S. § 8C-1, Rule 404(a)(1) provides:

(a) *Character evidence generally.* — Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

> (1) Character of accused. — Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same[.]

N.C.G.S. § 8C-1, Rule 404(a)(1) (1988).

This rule, which became effective 1 July 1984, has significantly changed North Carolina practice. *State v. Squire*, 321 N.C. 541, 546, 364 S.E. 2d 354, 357 (1988). Under our prior practice, the only method for introducing evidence of character was by general reputation. *Id.* Under the new rule, an accused may no longer offer evidence of undifferentiated, overall "good character," but may now only introduce evidence of "pertinent" traits of his character. *Id.*

In determining whether a more general trait of character such as law-abidingness is admissible in a criminal case, we have concluded that the term "pertinent" is generally synonymous with "relevant in the context of the crime charged." *Id.* at 548, 364 S.E. 2d at 358. Using this analysis, this Court has previously held that the character trait of law-abidingness is "pertinent" in virtually all criminal cases. *Id.* Evidence of law-abidingness tends to establish circumstantially that defendant did not commit the crime charged. *Id.*

The Court of Appeals recognized that the character trait of law-abidingness is "pertinent." *State v. Bogle*, 90 N.C. App. 277, 285, 368 S.E. 2d 424, 429. However, it concluded that Mr. Townsend's testimony concerning defendant's law-abidingness was not competent since his "answer was clearly based on defendant's lack of prior arrests or convictions." It held that since "this answer is the only evidence in the record that is even arguably competent as substantive character evidence," the trial court did not err in refusing to give the instruction on law-abidingness. *Id.* We disagree.

Defendant's uncle, Mr. Townsend, responded to the question, "Do you know his [defendant's] reputation for being a law-abiding citizen?" with the answer, "I would say excellent." Then he continued, "Because there was nothing before this incident." We do not understand the latter remark to address only the fact that defendant had no prior arrests or convictions. Rather, it is simply a statement to the effect that there was nothing before the current

charge that would have indicated that defendant was not a law-abiding person. Rule 405(a) permits testimony in the form of reputation or opinion. It does not exclude a witness' opinion of a defendant's reputation for law-abidingness merely because that opinion is accompanied by a statement such as the one here.

The State objects for the first time on the appeal of this action to the lack of a foundation laid by defendant before the admission of this testimony. It contends that the record is devoid of any evidence that Mr. Townsend had gleaned knowledge about defendant's "'reputation' for . . . law-abidingness from Townsend's contacts with members of the community in which defendant lived or worked." The record shows that the State failed to object at trial to the foundation laid by defendant for Mr. Townsend's reputation testimony. The evidence, having been offered without objection, was properly admitted.

[4] Having determined that such evidence was properly admitted, we next consider if defendant was entitled to an instruction on this evidence of his law-abidingness. It is the duty of the trial judge to instruct the jury on all substantial features of a case. *State v. Higgenbottom*, 312 N.C. 760, 764, 324 S.E. 2d 834, 838 (1985). When a defendant offers evidence of a pertinent character trait, he is entitled to have the jury consider this evidence as substantive evidence bearing directly upon the issue of his guilt or innocence. *See State v. Peek*, 313 N.C. 266, 328 S.E. 2d 249 (1985). A court is not required to charge on this feature of the case, however, unless defendant requests it. *State v. Martin*, 322 N.C. 229, 236, 367 S.E. 2d 618, 623 (1988). *See generally* 1 Brandis on North Carolina Evidence § 108, at 400 n.94 (2d rev. ed. 1982 & Cum. Supp. 1986). As previously noted, evidence of a defendant's character trait of law-abidingness is relevant in virtually any criminal prosecution. *State v. Squire*, 321 N.C. 541, 548, 364 S.E. 2d 354, 358. This relevance goes to the substantive question of defendant's guilt of the crime charged. *Id.* at 546-47, 364 S.E. 2d at 357. In determining whether a defendant is entitled to an instruction to that effect, the facts of the case are to be viewed in the light most favorable to him. *State v. McCray*, 312 N.C. 519, 324 S.E. 2d 606 (1985). Accordingly, since defendant requested the instruction, and since Mr. Townsend's testimony was competent evidence of defendant's character for the relevant trait of law-abidingness, we hold that defendant was entitled to an instruction

on his character trait of law-abidingness as substantive evidence of his innocence. It is for the jury to assess the weight of this evidence.

[5]   We next address defendant's argument that he offered other evidence which should have been admitted to show his law-abidingness. Two law enforcement officers and defendant himself testified that defendant had no prior convictions. The Court of Appeals concluded that the lack of a prior criminal conviction was not in the form of reputation or opinion testimony, and since "the Rules of Evidence limit the methods of proving character to testimony as to reputation and testimony in the form of an opinion," this evidence was not competent character evidence. *State v. Bogle*, 90 N.C. App. 277, 285, 368 S.E. 2d 424, 429. We agree. The evidence presented was neither in the form of reputation nor of an opinion and not of the character contemplated in Rule 405(a). We conclude that testimony of defendant and of the police officers of defendant's absence of convictions was not admissible as substantive evidence of defendant's innocence, not only because it was not in the proper form, but also for the reason that evidence of the lack of prior convictions is not evidence of a "trait of character" but is merely evidence of a fact. It does not address a trait of defendant's character. Whereas being "law-abiding" addresses one's *trait of character* of abiding by all laws, a lack of convictions addresses only the *fact* that one has not been convicted of a crime. Many clever criminals escape conviction. Accordingly, we conclude that the evidence of a lack of convictions should not have been admitted as character evidence.

[6]   Finally, we address yet another of defendant's arguments. Defendant's uncle testified that defendant's reputation for "truth and veracity" and "honesty" was very good. While the trial judge correctly admitted the evidence of defendant's truthfulness and honesty and agreed to charge (and did subsequently charge) that the evidence of truthfulness and honesty was admissible on the issue of defendant's credibility, he refused to give the requested instruction that evidence of these character traits could be considered as substantive evidence of defendant's innocence.

Special rules govern the admission of character evidence. While Rule 404 provides for the circumstances in which character evidence is admissible, Rule 405 provides for the form in which it

may be presented.[4] Rule 404(a) is a general rule of exclusion, prohibiting the introduction of character evidence to prove that a person acted in conformity with that evidence of character. One of the exceptions to Rule 404(a) permits the accused to offer evidence of a "pertinent trait of his character" as circumstantial proof of his innocence. N.C.G.S. § 8C-1, Rule 404(a)(1) (1988).

In construing what the legislature meant by a "pertinent" trait of character, we stated in *State v. Squire* "[u]nder the present rule, an accused must tailor his character evidence to a 'pertinent' trait . . . relevant in the context of the crime charged." *State v. Squire*, 321 N.C. 541, 548, 364 S.E. 2d 354, 358. In criminal cases, in order to be admissible as a "pertinent" trait of character, the trait must *bear a special relationship to* or *be involved in* the crime charged. N.C.G.S. § 8C-1, Rule 404 commentary (1988) (citing 1 Brandis on North Carolina Evidence § 114 (1982)). Thus, in the case of a defendant charged with a crime of violence, the peaceable character of the defendant would be "pertinent"; or in a case of embezzlement, the honesty of the defendant would be "pertinent." *Id.* In these examples, the character trait bears a special relationship to or is involved in the crime charged.

This interpretation of the word "pertinent" is consistent with the rule of statutory construction which restrictively construes exceptions to a general rule of exclusion. Rule 404(a), as a general rule, excludes character evidence. Therefore, the language of its exception permitting the accused to offer evidence of a "pertinent" trait should be restrictively construed.

We note also that this interpretation of the term "pertinent" creates no internal inconsistencies in our Rules of Evidence. Rule 402, the general rule of admissibility, provides that "[a]ll relevant

---

4. Rule 405 provides:

(a) *Reputation or opinion.*—In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. . . .

(b) *Specific instances of conduct.*—In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

N.C.G.S. § 8C-1, Rule 405 (1988).

evidence is admissible, except as otherwise provided . . . by these rules." N.C.G.S. § 8C-1, Rule 402 (1988). Although this interpretation of the term "pertinent" in Rule 404(a)(1) may result in the exclusion of what could otherwise be considered "relevant" evidence, the language of Rule 402 expressly permits this exclusion of relevant evidence where "otherwise provided . . . by these rules."

On the authority of a Fifth Circuit case, *United States v. Jackson*, 588 F. 2d 1046, 1055 (5th Cir.), *cert. denied*, 442 U.S. 941, 61 L.Ed. 2d 310 (1979), our Court of Appeals concluded that the crimes charged in this case did not involve dishonesty or deception on the part of defendant, and therefore truthfulness and honesty were not traits of character pertinent to the crimes with which defendant was charged. Accordingly, it found no error in the trial court's refusal to instruct that the evidence of defendant's truthfulness and honesty could be considered as evidence of his innocence. We agree.

Truthfulness and honesty are closely related concepts. Webster's Ninth New Collegiate Dictionary defines "truthful" as "telling or disposed to tell the truth." Webster's Ninth New Collegiate Dictionary 1268 (1988). It defines "honest" as "free from fraud or deception." *Id.* at 579. In common usage, a person is "truthful" if he *speaks* the truth. He is "honest" if his *conduct*, including his speech, is free from fraud or deception. Neither trafficking by possession nor by transporting marijuana necessarily involves being untruthful or engaging in fraud or deception. Consequently, we hold that the traits of truthfulness and honesty are not "pertinent" character traits to the crime of trafficking in marijuana by possession or transportation.

A further reason exists to follow the decision in *United States v. Jackson*, 588 F. 2d 1046 (5th Cir.): there is merit in uniformity of interpretation of similar rules by state and federal courts. The commentary to Rule 102 (purpose and construction of our Rules of Evidence) notes that federal precedents are not binding on our courts in construing the rules.[5] However, "[u]niformity

---

5. Although the commentaries printed with the North Carolina Rules of Evidence were not enacted into law, the General Assembly instructed the Revisor of Statutes to print the commentary with each rule so that it could be used to clarify legislative intent. 1983 N.C. Sess. Laws ch. 701, § 2. Accordingly, we are not bound

of evidence rulings in the courts of this State and federal courts is one motivating factor in adopting these rules and should be a goal of our courts in construing those rules that are identical." N.C.G.S. § 8C-1, Rule 102 commentary (1988).

Based on the error in instructing the jury on defendant's willful blindness, the verdict and judgment of the trial court are vacated, and we reverse the decision of the Court of Appeals and remand the case to the Court of Appeals for further remand to the Superior Court, Northampton County, for a new trial.

Reversed and remanded.

Justice WEBB concurring.

I agree with the majority that it is error requiring a new trial for the superior court to have charged on willful blindness. I believe this is so because it relieved the State of proving knowledge, which is an essential element of the case.

I disagree with the majority as to its treatment of testimony that the defendant had no prior convictions. If this testimony had been in the proper form I believe it should have been considered as substantive evidence. I believe it is more likely that a person with no prior convictions will not commit a crime than a person who has prior convictions.

I also disagree with the majority in its holding that the defendant's reputation for truth and honesty is irrelevant to the crimes for which he was tried. It is evident to me that a truthful and honest person is not as likely to traffic in marijuana as one who is not truthful and honest. I would hold that the court should have charged on this evidence.

The majority has ordered a new trial for the defendant and I concur in this result.

---

by the commentary but give it substantial weight in our efforts to discern legislative intent. *State v. Hosey*, 318 N.C. 330, 337-38 n.2, 348 S.E. 2d 805, 809-10 n.2 (1986); *State v. Kim*, 318 N.C. 614, 620 n.3, 330 S.E. 2d 347, 351 n.3 (1986).