## STATE v. SHREVE

[94 N.C. App. 383 (1989)]

STATE OF NORTH CAROLINA v. THOMAS SHREVE

No. 884SC926

(Filed 20 June 1989)

1. **Criminal Law § 85.1— communicating a threat—character for peacefulness—evidence improperly excluded**

    In a prosecution of defendant for communicating a threat, the trial court erred in refusing to allow defendant to present character witnesses to testify as to his character for peacefulness where defendant presented evidence that people around him considered his statement that he would throw a bomb into a clinic which sometimes performed abortions to be a bad joke; defendant had protested in front of the clinic more than twenty times previously without incident; there were small children in close proximity to defendant and the clinic when he made the statement; and evidence of defendant's peacefulness was relevant to the issues of defendant's willfulness in making the statement, whether the statement would have been believed by a reasonable person, and whether the person at whom the statement was directed was reasonable in her belief that it was not a joke.

2. **Criminal Law § 88.3— cross-examination as to collateral matters—cross-examination properly limited**

    In a prosecution of defendant for communicating a threat, the trial court did not err in refusing to allow him to cross-examine the person at whom the threat was directed about her experiences in Cyprus just a few months earlier, and there was no merit to defendant's argument that this evidence was relevant in determining whether the victim believed that defendant would actually throw a bomb, since the testimony defendant attempted to elicit was collateral to the charges tried.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 24 May 1988 in Superior Court, ONSLOW County. Heard in the Court of Appeals 10 April 1989.

Defendant Thomas Shreve was initially tried on two counts of communicating a threat, a violation of G.S. 14-277.1. The jury was unable to reach a verdict and the trial court declared a mistrial. Upon retrial defendant was convicted of one count of communicating a threat.

The State's evidence tends to show the following: The Crist Clinic for Women in Jacksonville is an obstetrics and gynecological practice which, upon occasion, performs abortions. On 18 September 1987 defendant participated in an anti-abortion protest in front of the clinic. Defendant had protested at that clinic twenty or more times previously and had never communicated a threat towards any person affiliated with the clinic. The business manager for the clinic is Kathy Ross (Ross). She testified that on 18 September 1987 at 8:20 a.m., while she was at the clinic's door, defendant yelled at her, "Mrs. Ross, if you will hold that door open, I'm going to throw a bomb in there and get you out." When defendant yelled at Ross, fellow protesters were nearby pushing children in strollers. At trial defendant presented witnesses who testified that they thought defendant was telling a bad joke. Ross called the police between 2:00 p.m. and 3:00 p.m.

The trial court sentenced defendant to ninety days in jail, suspended the sentence and placed defendant on unsupervised probation for five years. In addition, the trial court ordered defendant to pay a $300 fine. Defendant appeals.

*Attorney General Thornburg, by Special Deputy Attorney General Robert G. Webb, for the State.*

*Holleman, Stam and Reed, by Paul Stam, Jr.; Perry, Perry & Perry, by James S. Perry, for defendant-appellant.*

EAGLES, Judge.

[1] Defendant first assigns as error the trial court's refusal to allow defendant to present character witnesses to testify as to his character for peacefulness. Defendant argues that his character for peacefulness is directly at issue in determining whether he willfully communicated a threat. We agree and reverse and remand for a new trial.

The State concedes that it cannot distinguish the instant case from our Supreme Court's decision in *State v. Squire*, 321 N.C. 541, 364 S.E. 2d 354 (1988), which granted a new trial when the trial court refused to allow evidence of pertinent character traits. *See also State v. Bogle*, 324 N.C. 190, 376 S.E. 2d 745 (1989) (trial court erred in failing to give instruction that evidence of law-abidingness may be considered as substantive evidence of defendant's innocence). However, the State argues that the error was not prejudicial. We disagree.

**STATE v. SHREVE**

[94 N.C. App. 383 (1989)]

G.S. 14-277.1 provides that

(a) A person is guilty of a misdemeanor if without lawful authority:

(1) He willfully threatens to physically injure the person or damage the property of another;

(2) The threat is communicated to the other person, orally, in writing, or by any other means;

(3) The threat is made in a manner and under circumstances which would cause a reasonable person to believe that the threat is likely to be carried out; and

(4) The person threatened believes that the threat will be carried out.

Defendant presented evidence which showed that those people around him considered his statement to be a bad joke. Defendant had protested in front of the clinic more than twenty times previously without incident. Additionally, there were small children in close proximity to defendant and the clinic when he made the statement. Evidence of defendant's peacefulness was relevant to the issues of defendant's willfulness in making the statement, whether the statement would have been believed by a reasonable person as well as the reasonableness of Ross' perception that the statement was not a joke. Accordingly, we hold that the trial court's ruling was prejudicial error.

[2] Because of the likelihood of its recurrence at any retrial, we also address defendant's second assignment of error. Defendant contends that the trial court erred in refusing to allow him to cross-examine Ross about her experiences in Cyprus just a few months earlier. Defendant argues that this evidence was relevant in determining whether Ross believed that defendant would actually throw a bomb.

While an accused in a criminal case is guaranteed his right of cross-examination, the trial court may limit the scope of cross-examination. *State v. Newman*, 308 N.C. 231, 302 S.E. 2d 174 (1983). However, the trial court's rulings on limiting the scope of cross-examination will not be reversed unless defendant can show an abuse of discretion. *State v. Maynard*, 311 N.C. 1, 316 S.E. 2d 197, *cert. denied*, 469 U.S. 963, 105 S.Ct. 363, 83 L.Ed. 2d 299

(1984). The testimony defendant attempted to elicit here was collateral to the charges tried. We find no abuse of discretion.

Our holding here makes it unnecessary to address defendant's final assignment of error. For the reasons stated we reverse and remand for a new trial.

New trial.

Chief Judge HEDRICK and Judge WELLS concur.