STATE v. MORENO

[98 N.C. App. 642 (1990)]

Vacated and remanded.

Judges ARNOLD and LEWIS concur.

---

STATE OF NORTH CAROLINA v. WILLIAM ARTHUR MORENO

No. 8910SC846

(Filed 5 June 1990)

1. **Criminal Law § 813 (NCI4th)— character trait as substantive evidence—instruction**

    *State v. Bogle*, 324 N.C. 190, stands for the principle that a criminal defendant will be entitled to an instruction on a good character trait as substantive evidence of innocence when defendant satisfies a four-part test; first, the evidence must be of a trait of character and not merely evidence of fact; second, the evidence of the trait must be competent; third, the trait must be pertinent; and fourth, the instruction must be requested by defendant.

    **Am Jur 2d, Trial §§ 793, 794, 797-801, 803-805.**

2. **Criminal Law § 815 (NCI4th)— instruction on character testimony as substantive evidence—erroneously denied—no prejudice**

    The trial court in a prosecution for trafficking in cocaine correctly refused to instruct the jury on character traits including honesty, loyalty, and generosity as substantive evidence of innocence where those traits were not pertinent to the criminal charges against defendant. The court also correctly refused to instruct the jury on good character as it pertained to defendant's not dealing in drugs because that was plainly evidence of a fact; however, the trial court erred by refusing to instruct on law-abidingness as a character trait and on evidence of his not using drugs as a character trait. The error was not prejudicial because defendant admitted on cross-examination that he had been convicted of giving false information to a police officer and because there was very strong evidence of defendant's guilt.

    **Am Jur 2d, Trial §§ 793, 794, 797-801, 803-805.**

STATE v. MORENO

[98 N.C. App. 642 (1990)]

APPEAL by defendant from judgments entered 17 March 1989 in WAKE County Superior Court by *Judge Samuel T. Currin*. Heard in the Court of Appeals 8 May 1990.

Defendant was charged by proper indictments with trafficking in cocaine by possession, trafficking in cocaine by transporting, and conspiracy to possess cocaine, all in violation of G.S. § 90-95. The State's evidence at trial tended to establish that at approximately 4:00 p.m. on 7 October 1988, Agent Terry Turbeville of the State Bureau of Investigation received a telephone call from Sergeant Blois of the St. Louis Airport Drug Task Force informing him that defendant, en route to Raleigh-Durham Airport from Los Angeles via TWA and travelling under the name of "Arthur Manzano," had missed his connecting flight and was acting suspiciously, creating a disturbance over his bag being sent ahead of him.

After the flight arrived at Raleigh-Durham at 4:24 p.m., Agent Turbeville observed an unclaimed blue suitcase in the TWA baggage claim area. He put the suitcase in a row of other bags and had the row examined by a narcotics detection dog from the Johnston County Sheriff's Department. The dog "alerted" on the blue suitcase. A second narcotics detection dog, assigned to the State Highway Patrol, then arrived. It, too, alerted on the blue suitcase.

Agent Turbeville then obtained a search warrant and searched the suitcase, retrieving a plastic bag containing a quantity of cocaine. The suitcase was reclosed and held in custody until the next TWA flight from St. Louis arrived at approximately 12:00 midnight. At that time, Agent Turbeville returned the suitcase to the TWA baggage office. Shortly thereafter, defendant arrived and took the blue suitcase from the TWA baggage clerk. Defendant was then stopped, questioned, and arrested. Defendant was further instructed to remove the contents of his pockets. Among the items in defendant's pockets was a piece of paper with a number to a digital pager belonging to codefendant Arthur Whitley (not a party to this appeal). Whitley had hired defendant to transport the suitcase from Los Angeles to Raleigh.

The State's evidence further tended to establish that the cocaine retrieved from defendant's suitcase consisted of 237 grams of 85% pure uncut and undiluted cocaine. A fingerprint, determined to belong to defendant, was found on the plastic bag containing the cocaine.

The jury returned verdicts of guilty on all charges. Following the sentencing hearing, the trial court found as a statutory aggravating factor that defendant has a prior conviction or convictions punishable by more than 60 days' confinement. The trial court further found as an additional, nonstatutory aggravating factor that defendant gave false information to a law enforcement officer. Defendant was sentenced to the maximum term of twenty years' imprisonment on each of the two trafficking convictions, such terms to run consecutively. Defendant was also sentenced to twenty years' imprisonment for the conviction of conspiracy to possess cocaine, such sentence being suspended and defendant being placed on five years' probation.

From the judgments entered on the jury's verdicts of guilty, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Alan S. Hirsch, for the State.*

*J. Randolph Riley for defendant-appellant.*

WELLS, Judge.

[1] Defendant's seventh assignment of error challenges the trial court's refusal to instruct the jury that it could consider certain evidence of his good character as substantive evidence of his innocence. The record reveals that defendant requested instructions on his law-abidingness, honesty, generosity, loyalty, religious devoutness, being church-going, not using or dealing in drugs, being hard working, being a good provider, not being extravagant, and being naive. Proof on these character traits was made through defendant's witness Tina Shelton, his girlfriend, in the form of both reputational and opinion testimony. The trial court, however, declined to give the requested instructions.

The decisional precedents governing the circumstances in which a criminal defendant is entitled to a jury instruction on a good character trait as substantive evidence of innocence were extensively reviewed by our Supreme Court in *State v. Bogle*, 324 N.C. 190, 376 S.E.2d 745 (1989). We thus need not recite those precedents here. Careful reading of *Bogle* and the authorities on which it relies convinces us that our Supreme Court in *Bogle* sought to synthesize the line of cases construing Rules 404 and 405 of the Rules of Evidence, in light of the well-established duty of the trial

court to instruct the jury on the substantial and essential features of the case arising on the evidence, and thereby articulate a clear standard which must be satisfied before a criminal defendant will be entitled to an instruction on a good character trait as substantive evidence of his innocence.

Although not stated there in precisely this form, we perceive *Bogle* to stand for the principle that a criminal defendant will be entitled to such an instruction when he satisfies the following four-part test. First, the evidence must be of a "trait of character" and not merely evidence of a fact (*e.g.*, "being 'law-abiding' addresses one's *trait of character* of abiding by all laws, a lack of convictions addresses only the *fact* that one has not been convicted of a crime"). *Bogle* at 200, 376 S.E.2d at 751 (emphasis original). Second, the evidence of the trait must be competent (*i.e.*, in addition to satisfying all other applicable standards, the evidence must be in the proper form, as required by Rule 405). *Id.* at 198-202, 376 S.E.2d at 749-52. Third, the trait must be pertinent (*i.e.*, relevant in the context of the crime charged in that it bears a special relationship to or is involved in such crime). *Id.* at 198, 201, 376 S.E.2d at 749, 751. And fourth, the instruction must be requested by the defendant. *Id.* at 199, 376 S.E.2d at 750 (*citing State v. Martin*, 322 N.C. 229, 367 S.E.2d 618 (1988)). In determining whether this test is satisfied, the trial court must view the facts of the case in the light most favorable to the defendant. *Id.* (*citing State v. McCray*, 312 N.C. 519, 324 S.E.2d 606 (1985)).

[2] Setting aside for the moment defendant's request as it pertains to evidence of his "law-abidingness" and "not using or dealing in drugs," it is plain that the remainder of the traits on which defendant sought an instruction, *e.g.*, "honesty," "loyalty," "generosity," and the like, are not pertinent to the criminal charges against defendant. *See Bogle, supra* at 202, 376 S.E.2d at 752 (honesty and truthfulness not pertinent to charge of trafficking in marijuana). Thus, the third prong of the test is clearly not satisfied, and the trial court therefore did not err in refusing to instruct the jury that it could consider evidence of such character traits as substantive evidence of defendant's innocence.

Defendant's requested instructions on "law-abidingness" and "not using or dealing in drugs," however, present different questions. Turning to the first of these, we note that our Supreme Court has stated that law-abidingness is a character trait that

STATE v. MORENO

[98 N.C. App. 642 (1990)]

is pertinent in virtually all criminal cases. *Bogle, supra* at 198, 376 S.E.2d at 749 (*citing State v. Squire*, 321 N.C. 541, 364 S.E.2d 354 (1988) ). Thus, the sole remaining question is whether the evidence of defendant's law-abidingness is competent. As we noted above, proof of this character trait was made through defendant's girlfriend, Tina Shelton, in the form of opinion and reputational testimony. This testimony was based on the witness' having known defendant for approximately four and one-half years prior to the 13 March 1989 date of the trial, *i.e.*, since approximately September 1984. Ms. Shelton's testimony is clearly competent under the requirements stated in *Bogle*. Having satisfied the four-part test, defendant was entitled to an instruction on law-abidingness, and the trial court therefore erred in refusing to instruct the jury that it could consider the evidence of defendant's law-abidingness as substantive evidence of defendant's innocence.

Turning to defendant's requested instruction on his good character as it pertains to his "not using or dealing in drugs," we note that this in fact presents two distinct but related questions: (1) whether "not using drugs" and (2) whether "not dealing in drugs" satisfy the requirements of *Bogle*. As to the second of these, evidence of not dealing in drugs is plainly evidence of a fact, indeed, a fact at issue in this case. It thus fails the first prong of the test, and defendant was therefore not entitled to an instruction that his "good character" for not dealing in drugs could be considered by the jury as substantive evidence of his innocence. "Not using drugs," however, is clearly a character trait, akin to sobriety. Hence the first prong of the test is satisfied. The remaining prongs of the test are also satisfied in that defendant's evidence of this trait is competent, the trait is plainly pertinent to this prosecution for trafficking and conspiracy to traffic in cocaine, and defendant requested the instruction. Consequently, defendant was also entitled to an instruction that evidence of his not using drugs could be considered as substantive evidence of his innocence.

Having determined that the trial court erred in refusing to instruct the jury on defendant's law-abidingness and not using drugs, we are next required by G.S. §§ 15A-1442(4)d and -1443(a) to determine whether such error redounds to the prejudice of defendant. In making this determination, we note that neither *Bogle*, nor the precedents upon which it relies, hold that such error is prejudicial *per se* or as a matter of law. Accordingly, our inquiry is directed to the question of whether there is a reasonable possibility that

STATE v. MORENO

[98 N.C. App. 642 (1990)]

a different result would have been reached at trial had these errors not been committed. N.C. Gen. Stat. § 15A-1443(a). *See also State v. Carson*, 80 N.C. App. 620, 343 S.E.2d 275 (1986); *State v. Miller*, 69 N.C. App. 392, 317 S.E.2d 84 (1984). Defendant bears the burden of demonstrating prejudice under this standard. *Id.*

Defendant has not surmounted his burden. First, with respect to the trial court's refusal to instruct on law-abidingness the record shows that defendant himself later admitted, on cross-examination, that he had been convicted in Los Angeles County Court on 14 January 1986 of giving false information to a police officer. Defendant's own testimony thus flatly contradicts the prior testimony of Ms. Shelton that defendant is law-abiding. Second, we note generally that there was very strong evidence of defendant's guilt. There was no question as to defendant's ownership or control of the suitcase which contained the bag of cocaine. Moreover, defendant's fingerprint on the cocaine bag points directly to his knowledge that the cocaine was in his suitcase. Consequently, we cannot conclude that there is a reasonable possibility that the jury in this case would have returned verdicts of not guilty had the trial court given these instructions. We therefore conclude that the trial court's failure to instruct the jury on defendant's law-abidingness and not using drugs was not prejudicial to defendant.

Defendant's remaining assignments of error have been carefully considered, are determined to be without merit, and are therefore overruled.

For the reasons stated, we conclude that defendant had a fair and impartial trial, free from prejudicial error.

No error.

Judges PARKER and DUNCAN concur.