STATE OF NORTH CAROLINA v. STANLEY RAY JAMES

No. COA06-896

(Filed 19 June 2007)

**1. Embezzlement— by public officer—sheriff—instruction—fraudulent intent**

The trial court did not err in an embezzlement by a public officer case by its instruction to the jury explaining the element of fraudulent intent, because: (1) N.C.G.S. § 14-92 encompasses two forms of embezzlement by a public officer; (2) although only the first portion of the statute applied and language was pulled from the second portion, it did not misstate the definition of intent required by the crime described in the first portion of the statute; and (3) the instruction given by the court equated to "defendant fraudulently or with unlawful intent failed to give certain money to those entitled to it in spite of a legal requirement to do so."

**2. Constitutional Law— right to unanimous verdict—embezzlement by public officer—fraudulent intent instruction**

Although defendant contends it is impossible to determine whether the jury unanimously concluded that defendant acted with fraudulent intent in an embezzlement by a public officer case based on the trial court's alleged misstatement of the requirement of fraudulent intent in its instructions, the Court of Appeals already concluded the instruction was correct.

**3. Embezzlement— by public officer—sheriff—failure to instruct on lesser-included offenses**

The trial court did not err in an embezzlement by a public officer case under N.C.G.S. § 14-92 by refusing to instruct the jury on two alleged lesser-included offenses including violations under N.C.G.S. §§ 159-8(a) and 159-181(a), because the two offenses defendant requested to be included in the jury instructions do not qualify as lesser-included offenses when they do not have the same essential elements or require additional facts to be proven.

**4. Embezzlement— by public officer—sheriff—refusal to instruct on good faith mistaken belief**

The trial court did not err in an embezzlement by a public officer case by refusing to instruct the jury that a good faith mis-

taken belief that defendant sheriff was not violating the law was a defense, because: (1) all of the terms in the instruction conveyed the fact that if the jury decided that defendant had made a good faith mistake, they could not find him guilty of the charge; and (2) the jury instructions inherently included an instruction on good faith mistake.

Appeal by defendant from judgment entered 3 February 2006 by Judge Clifton W. Everett, Jr. in Washington County Superior Court. Heard in the Court of Appeals 21 March 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Ferguson, Stein, Chambers, Gresham & Sumter, P.A., by William G. Simpson, Jr. and Julius Chambers, for defendant-appellant.*

HUNTER, Judge.

Stanley Ray James ("defendant") appeals from a jury verdict of guilty on one count of embezzlement by a public officer. After careful review, we find no error.

Defendant was sheriff of Washington County from 1998 until August 2004, when he was removed from office. On or before 3 January 2001, defendant received a check for $2,665.00 from the United States Treasury made out to "Washington County Detention" in payment for housing a military prisoner. The county budgetary policy for money received by the sheriff's office was for the money to be turned over to the county's finance office to be put in the general fund, from which it was then disbursed. In this case, however, defendant instead used the money directly for sheriff's office purposes: Two thousand dollars went to an account belonging to the Washington County Law Enforcement Association, and the remaining $655.00 was used as petty cash for the sheriff's office. Five hundred dollars of that petty cash amount was given or loaned to a deputy for moving expenses; the remaining $155.00 was used to purchase a watch for a retiring chief deputy.

A jury found defendant guilty of one count of embezzlement by a public officer on 30 January 2006. He received a suspended sentence of sixteen to twenty months imprisonment, sixty days active sentence, and forty-eight months supervised probation. He was

STATE v. JAMES

[184 N.C. App. 149 (2007)]

also ordered to make restitution in the amount of $2,655.00. Defendant appeals.

I.

**[1]** Defendant first argues that the trial court erred in its instructions to the jury by improperly explaining the element of fraudulent intent. We disagree.

Per statute, a trial judge must instruct the jury on "the law arising on the evidence." *State v. Bogle*, 324 N.C. 190, 195, 376 S.E.2d 745, 748 (1989); *see* N.C. Gen. Stat. §§ 15A-1231, -1232 (2005). "This includes instruction on the elements of the crime." *Bogle*, 324 N.C. at 195, 376 S.E.2d at 748. Failure to instruct the jury on these elements "is prejudicial error requiring a new trial. Prejudicial error is defined as a question of whether 'there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.' " *State v. Lanier*, 165 N.C. App. 337, 354, 598 S.E.2d 596, 607 (2004) (citation omitted) (quoting N.C. Gen. Stat. § 15A-1443(a) (2003)).

Fraudulent intent is a necessary element of embezzlement by a public officer under N.C. Gen. Stat. § 14-92 (2005). *See State v. McLean*, 209 N.C. 38, 40, 182 S.E. 700, 701 (1935); *State v. Agnew*, 294 N.C. 382, 390, 241 S.E.2d 684, 690-91, *cert. denied*, 439 U.S. 830, 58 L. Ed. 2d 124 (1978). The court in the case at hand instructed the jury as to this element as follows:

> And, third, that the defendant, Stanley James, unlawfully and willfully did one or more of these things: Intentionally, fraudulently and dishonestly used this money for some purpose other than that for which he received it; or, corruptly used the money; *or, misapplied this money for any purpose other than that for which the same was held; or, failed to pay over and deliver this money to the proper persons entitled to receive the same when lawfully required to do so.*
>
> To satisfy this third element of the offense, the State need only prove to you beyond a reasonable doubt that the defendant unlawfully and willfully did one or more of the alternative acts listed above as I have just instructed you.

(Emphasis added.) Defendant argues that the last two alternatives presented by the trial court misstate the element of fraudulent intent. We disagree.

N.C. Gen. Stat. § 14-92 actually encompasses two forms of embezzlement by a public officer: The first applies to any officer, agent, or employee of a county or other unit of local government who embezzles the funds of that unit; the second applies only to certain types of officers, including sheriffs, who embezzle funds received by virtue of their office in trust for any person or corporation. It is the first part of the statute that applies to the case at hand, because defendant was not holding funds in trust for any person or corporation, but rather accused of misusing funds belonging to the county.

As to intent, the first portion of the statute (the portion applicable here) uses the language "embezzle or otherwise willfully and corruptly use or misapply the same for any purpose other than that for which such moneys or property is held[.]" *Id.* The second uses the language "embezzle or wrongfully convert to his own use, or corruptly use, or shall misapply for any purpose other than that for which the same are held, or shall fail to pay over and deliver to the proper persons entitled to receive the same when lawfully required so to do[.]" *Id.*

The first of the disputed alternatives in the jury instructions—"unlawfully and willfully . ... misapplied this money for any purpose other than that for which the same was held"—comes almost verbatim from the first portion of the statute, and thus correctly states the requirement of intent. N.C. Gen. Stat. § 14-92.

Defendant argues that the second of the disputed alternatives—"unlawfully and willfully . . . failed to pay over and deliver this money to the proper persons entitled to receive the same when lawfully required to do so"—was improperly included by the trial court, as it comes from the second portion of the statute. It is in fact the only definition of intent that is included in the second portion of the statute but not the first. Apparently, language was inadvertently lifted from the second portion of the statute for the jury instructions even though only the first portion of the statute applies.

However, this language pulled from the second portion does not appear to misstate the definition of intent required by the crime described in the first portion of the statute. In *State v. Agnew*, our Supreme Court stated:

> The words "willfully" and "corruption", as they relate to misapplication of funds under G.S. 14-92, have been defined as "[D]one with an unlawful intent," and "The act of an official or

fiduciary person who unlawfully and wrongfully uses his station or character to procure some benefit for himself or for another person, contrary to duty and the rights of others."

*Agnew*, 294 N.C. at 392-93, 241 S.E.2d at 691 (quoting *State v. Shipman*, 202 N.C. 518, 540, 163 S.E. 657, 669 (1932)). Our Supreme Court has also upheld jury instructions in which the terms "done in bad faith, fraudulently, wilfully and corruptly" were used synonymously. *Shipman*, 202 N.C. at 539, 163 S.E. at 668 (emphasis omitted).

Thus, the instruction given by the court in this case equates to: "Defendant fraudulently or with unlawful intent failed to give certain money to those entitled to it in spite of a legal requirement to do so." This does not misstate the element of intent required by the applicable portion of the statute, and as such, we find that the instructions were not in error.

## II.

**[2]** Defendant next argues that because the trial court misstated the requirement of fraudulent intent in its instructions to the jury, it is impossible to conclude that the jury unanimously concluded that defendant acted with fraudulent intent, as the jury could have based its verdict on either of the two invalid descriptions of required intent. This argument depends on the validity of the first argument, since without a finding that the instructions were incorrect, there is no disjunctive quality to the instructions. Because the first argument is without merit, this one must also fail.

## III.

**[3]** Defendant next argues that the trial court erred in refusing to instruct the jury on two lesser included offenses. This argument is without merit.

In North Carolina, defendants are entitled to have lesser included offenses supported by evidence submitted to the jury. *State v. Smith*, 351 N.C. 251, 267, 524 S.E.2d 28, 40 (2000); *State v. Brown*, 300 N.C. 731, 735-36, 268 S.E.2d 201, 204 (1980). However, the two offenses defendant requested be included in the jury instructions do not qualify as lesser included offenses.

"The determination of whether one offense is a lesser included offense of another is made on a definitional as opposed to a factual basis." *State v. Westbrooks*, 345 N.C. 43, 55, 478 S.E.2d 483, 490-91 (1996). That is, the test is not whether the facts of the case could war-

rant charges under more than one crime, but whether two crimes include the same essential elements: To be a lesser included offense, "all of the essential elements of the lesser crime must also be essential elements included in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense." *State v. Weaver*, 306 N.C. 629, 635, 295 S.E.2d 375, 379 (1982), *overruled on other grounds by State v. Collins*, 334 N.C. 54, 431 S.E.2d 188 (1993). The three essential elements of N.C. Gen. Stat. § 14-92 are: (1) defendant was an officer, agent, or employee of a named entity (including a county); (2) defendant received and held money belonging to the entity by virtue of that position; and (3) defendant "willfully and corruptly use[d] or misappl[ied]" the money for a purpose other than the purpose for which the entity intended it. *Id.*

Defendant requested the jury be instructed on two lesser included offenses: Violations of N.C. Gen. Stat. §§ 159-8(a) and 159-181(a). Neither of these offenses has the same essential elements as those of N.C. Gen. Stat. § 14-92, and as such they are not lesser included offenses.

The first offense defendant requested be included is a violation of N.C. Gen. Stat. § 159-8(a) (2005), part of the Local Government Budget and Fiscal Control Act: "[N]o local government or public authority may expend any moneys, regardless of their source . . . , except in accordance with a budget ordinance or project ordinance adopted under this Article or through an intragovernmental service fund or trust and agency fund properly excluded from the budget ordinance." This statute prohibits (1) the expending of money (2) by a government or other public authority (3) without proper authority via ordinance or fund.

While defendant is correct that section 159-8(a), like section 14-92, concerns the misapplication of public funds, the former prohibits such action by a government body or authority, not an individual working for such an entity. That is, as part of the Local Government Budget and Fiscal Control Act, it is intended to control the actions of the *entities* named in section 14-92 ("a county, a city or other unit or agency of local government," etc.), while section 14-92 is intended to ensure that the *individuals* employed by such entities act properly on the entity's behalf.

The second requested offense was a violation of N.C. Gen. Stat. § 159-181(a) (2005):

If any finance officer, governing board member, or other officer or employee of any local government or public authority . . . shall approve any claim or bill knowing it to be fraudulent, erroneous, or otherwise invalid, or make any written statement, give any certificate, issue any report, or utter any other document required by this Chapter, knowing that any portion of it is false, or shall willfully fail or refuse to perform any duty imposed upon him by this Chapter, he is guilty of a Class 3 misdemeanor and upon conviction shall only be fined not more than one thousand dollars ($1,000) and forfeits his office, and shall be personally liable in a civil action for all damages suffered thereby by the unit or authority or the holders of any of its obligations.

*Id.* This statute prohibits: (1) any officer of local government or public authority: (a) approving a claim knowing it to be fraudulent; (b) making a statement or report knowing it to be false; or (c) willfully failing or refusing to perform any duty imposed on him by Chapter 159.

While defendant might be correct that the portion of section 159-181(a) forbidding the willful failure to perform duties also applies to his situation, again, this failure to perform is not an element shared by section 14-92. Further, when one statute requires proof of a fact that the other does not, the elements of the offenses are not the same, and thus neither is a lesser included offense. *State v. Etheridge,* 319 N.C. 34, 50, 352 S.E.2d 673, 683 (1987). For a charge under section 14-92, no proof need be offered that defendant refused to perform a duty required of him, though it would be necessary for a charge under section 159-181; and, for a charge under section 159-181, no proof need be offered that defendant fraudulently intended to misappropriate funds, though section 14-92 requires such proof.

Because the two proposed statutes have different essential elements or require additional facts to be proven, they are not lesser included offenses, and the trial court did not err in refusing to instruct the jury on them.

IV.

[4] Finally, defendant argues that because fraudulent intent is an essential element of embezzlement by a public officer, the trial court erred in refusing to instruct the jury that a good faith, mistaken belief that he was not violating the law was a defense. This argument is without merit.

As the trial court pointed out, fraudulent intent is an essential element of the charge of embezzlement by a public officer. If the jury found that defendant did not have the requisite intent—whether because of good faith mistake or otherwise—they would not find him guilty. To be convicted, a "defendant must have a felonious intent. Unless the intent is proved, the offense is not proved." *State v. Agnew*, 33 N.C. App. 496, 509, 236 S.E.2d 287, 295 (1977), *rev'd in part on other grounds*, *Agnew*, 294 N.C. at 382, 241 S.E.2d at 684; *see also State v. Lancaster*, 202 N.C. 204, 162 S.E. 367 (1932). The trial court's instructions to the jury regarding intent, laid out above, describes the four alternatives for intent using the words "fraudulently and dishonestly," "corruptly," "misapplied," and "failed to pay over . . . to the persons entitled to receive [money] when lawfully required to do so." All of these terms properly convey the fact that if the jury decided that defendant had made a good faith mistake, they could not find him not guilty of the charge. Thus, the jury instructions inherently included an instruction on good faith mistake.

Because the trial court's instructions were not incorrect, we find no error in the verdict and judgment entered thereon.

No error.

Judges TYSON and JACKSON concur.