IN THE SUPREME COURT OF NORTH CAROLINA

No. 392PA13

Filed 19 December 2014

STATE OF NORTH CAROLINA

v.

ROBERT TIMOTHY WALSTON, SR.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 747 S.E.2d 720 (2013), finding prejudicial error in defendant's trial resulting in judgments entered on 17 February 2012 by Judge Cy A. Grant in Superior Court, Dare County, and ordering that defendant receive a new trial. Heard in the Supreme Court on 9 September 2014.

*Roy Cooper, Attorney General, by Sherri Horner Lawrence, Assistant Attorney General, for the State-appellant.*

*Mark Montgomery for defendant-appellee.*

NEWBY, Justice.

In this case we consider the admissibility of evidence of a pertinent character trait of a criminal defendant under North Carolina Rule of Evidence 404(a)(1). For character evidence to be admissible at trial under Rule 404(a)(1), an accused must "tailor the evidence to a particular trait that is relevant to an issue in the case." *State v. Squire*, 321 N.C. 541, 546, 364 S.E.2d 354, 357 (1988). Defendant's proffered evidence of being respectful towards children was not sufficiently tailored to the State's charges of child sexual abuse and was thus inadmissible. Separately,

we consider the extent to which, if at all, use of the word "victim" in a trial court's jury charge amounts to prejudicial error. Based on long-standing precedent, the trial court's use of the term "victim" was not impermissible commentary on a disputed issue of fact. Thus, the trial court did not err in denying defendant's request to use the words "alleged victim" instead of "victim" in its charge to the jury. Accordingly, on both issues we reverse the decision of the Court of Appeals.

This case arose from incidents that occurred in 1988 and 1989 between defendant and the prosecuting witnesses, E.C. and J.C., sisters who at the time of the incidents were about seven and four years old, respectively. During the relevant period, defendant's wife operated an at-home day care where she watched E.C., J.C., and their younger brother in addition to her own three children. According to the State's evidence, on several occasions defendant sexually abused the prosecuting witnesses individually, with each child being unaware that the other had been abused. Apparently, at some point several years later, J.C. and E.C.'s mother became concerned that her daughters had been abused. As a result, in 1994 E.C. and J.C. were interviewed by a social services worker and two sheriff's deputies. In those interviews both girls denied having been abused. No physical exams were conducted at that time, and the sheriff's office concluded that nothing in the interviews indicated any type of sexual assault.

In 2001, for the first time, E.C. and J.C. confided in each other and their parents that defendant had abused them. Seven years later, J.C. contacted law enforcement to report the incidents; officers subsequently reached E.C., who detailed similar incidents of her own. In January 2009 defendant was indicted on two counts of first-degree sex offense with a child, five counts of first-degree rape of a child, and seven counts of taking indecent liberties with a child. Superseding indictments were filed on 14 November 2011.

The State's evidence at trial relied almost exclusively on the testimony of E.C. and J.C. The State also called witness K.B., who testified under North Carolina Rule of Evidence 404(b) regarding alleged incidents of sexual abuse involving defendant when she was approximately ten and defendant was eighteen. Defendant took the stand in his own defense and also sought to introduce witness testimony regarding his good character. Defense counsel summarized the character witnesses' proposed testimony in a voir dire proffer, stating that each witness would testify to defendant's traits of (1) being law-abiding, (2) having good character, and (3) being respectful towards children. The trial court ruled that the testimony regarding defendant's law-abiding character trait would be admissible, but that testimony about the other two traits was prohibited as a matter of law.

At another point in the trial, defendant proffered Dr. Moira Artigues's voir dire expert testimony on repressed and suggested memories, which the trial court

prohibited in all respects. During the jury instruction conference, defendant unsuccessfully sought to have the word "victim" changed to "alleged victim" in the pattern jury instructions used by the trial court. The jury found defendant guilty of one count of first-degree sexual offense, three counts of first-degree rape, and five counts of taking indecent liberties with a minor. Defendant appealed.

Defendant raised, *inter alia*, three issues on appeal. Defendant first argued that the trial court erred in prohibiting witness testimony about his character under Rule of Evidence 404(a)(1). *State v. Walston*, ___ N.C. App. ___, ___, 747 S.E.2d 720, 724 (2013). The Court of Appeals agreed, concluding that the trait of being respectful towards children was relevant and admissible under the rule. *Id.* at ___, 747 S.E.2d at 725-26. As to defendant's second issue on appeal, the Court of Appeals agreed with defendant that the trial court erred in not substituting "alleged victim" for the word "victim" in the pattern jury instructions. *Id.* at ___, 747 S.E.2d at 726. According to the Court of Appeals, the use of the word "victim" "intimate[d] the trial court's belief that E.C. and J.C. were sexually assaulted," which was "a disputed issue of fact for the jury to resolve." *Id.* at ___, 747 S.E.2d at 727. Given that the State's and defendant's evidence "were in equipoise," *id.* at ___, 747 S.E.2d at 728, the Court of Appeals ordered a new trial because "the jury reasonably might have reached a different verdict" had either of the trial court's errors not occurred, *id.* at ___, 747 S.E.2d at 726, 728; *see* N.C.G.S. § 15A-1443(a) (2013). Lastly, defendant contended that the trial court erroneously excluded his proposed expert

testimony on repressed and suggested memory under North Carolina Rule of Evidence 702. *Id.* at ___, 747 S.E.2d at 728. The Court of Appeals determined that the trial court incorrectly relied on an earlier version of Rule 702 in arriving at its conclusion. *Id.* at ___, 747 S.E.2d at 728. Rule 702 was amended in 2011. *See* Act of June 17, 2011, ch. 283, sec. 1.3, 2011 N.C. Sess. Laws 1048, 1049. The amended version applies to actions "commenced on or after" 1 October 2011. *Id.* at sec. 4.2, at 1051. Concluding that the "trigger date" for applying the new statute predated 14 November 2011, the date of the superseding indictments, the Court of Appeals instructed the trial court, on retrial, to apply the newly-amended rule. *Walston*, ___ N.C. App. at ___, 747 S.E.2d at 728.

In response to the Court of Appeals' holdings regarding the Rule 404(a)(1) character evidence and the use of the word "victim" in the jury instructions, the State petitioned this Court for discretionary review, which we allowed.

We first consider the State's contention that the Court of Appeals erred in holding that defendant should have been allowed to introduce evidence of his being respectful towards children under Rule 404(a)(1). We agree with the State that such character evidence was not sufficiently tailored to a relevant issue at trial to satisfy the specific requirements of Rule 404(a)(1).

A jury's perception of a defendant's character can have a strong impact on its determination of the defendant's innocence or guilt. As a result, our legislature has

crafted specific rules to control the admission of character evidence at trial. *See* N.C.G.S. § 8C-1, Rules 404, 405 (2013). Effective 1 July 1984, Rule 404 governs the content of admissible character evidence and the contexts in which it may be admitted. Rule 404(a) is a general rule of exclusion, stating that "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion." *Id.* § 8C-1, Rule 404(a). The rule's federal counterpart uses substantially the same language. Fed. R. Evid. 404(a)(1). The rule is of "fundamental importance in American law," implementing "the philosophy that a defendant should not be convicted because he is an unsavory person, nor because of past misdeeds, but only because of his guilt of the particular crime charged." 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:21 at 677 (4th ed. 2013). As the United States Supreme Court stated in *Michelson v. United States*:

> Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. Not that the law invests the defendant with a presumption of good character, but it simply closes the whole matter of character, disposition and reputation on the prosecution's case-in-chief. The state may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and

> deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.

335 U.S. 469, 475-76, 69 S. Ct. 213, 218-19, 93 L. Ed. 168, 173-74 (1948) (internal citations and footnotes omitted).

Defendants in criminal cases, however, may utilize an exception under Rule 404(a) that "permits the accused to offer evidence of a 'pertinent trait of his character' as circumstantial proof of his innocence." *State v. Bogle*, 324 N.C. 190, 201, 376 S.E.2d 745, 751 (1989) (quoting N.C.G.S. § 8C-1, Rule 404(a)(1) (1988)). This exception should be "restrictively construed" though because "Rule 404(a), as a general rule, excludes character evidence." *State v. Sexton,* 336 N.C. 321, 360, 444 S.E.2d 879, 901 (citation and quotation marks omitted), *cert. denied*, 513 U.S. 1006, 115 S. Ct. 525, 130 L. Ed. 2d 429 (1994). Thus, even though the term "pertinent" is synonymous with the word "relevant," *State v. Squire*, 321 N.C. at 547, 364 S.E.2d at 358, for a trait to be pertinent under Rule 404(a)(1), it "must bear a special relationship to or be involved in the crime charged," *State v. Laws*, 345 N.C. 585, 596, 481 S.E.2d 641, 647 (1997) (citation, emphases, and quotation marks omitted). In other words, to have evidence of his good character admitted at trial under Rule 404(a)(1), the accused must "tailor the evidence to a particular trait that is relevant to an issue in the case." *Squire,* 321 N.C. at 546, 364 S.E.2d at 357.

Our past application of Rule 404(a)(1) has not been so narrow as to preclude evidence of a more generalized character trait such as being law-abiding. *See id.* at 546, 364 S.E.2d at 357. We have, however, consistently required the accused to conform the character evidence to relevant traits, such as honesty for a defendant charged with embezzlement, or peacefulness for a defendant charged with a crime of violence. *See, e.g., State v. Collins*, 345 N.C. 170, 174, 478 S.E.2d 191, 194 (1996) (ruling that character evidence inadmissible under Rule 404(a)(1) "focused on factual information about defendant's behavior and appearance rather than pertinent traits of his character"); *Bogle*, 324 N.C. at 202, 376 S.E.2d at 752 (holding that "the traits of truthfulness and honesty are not 'pertinent' . . . to the crime of trafficking in marijuana"); *Squire*, 321 N.C. at 548, 364 S.E.2d at 358 (noting that generally the trait of being law-abiding is a relevant character trait); *see also State v. Roseboro*, 351 N.C. 536, 553, 528 S.E.2d 1, 12 (noting, in defendant's trial for first-degree murder, that testimony about the defendant's reputation for "nonviolence or peacefulness" was admitted as "a pertinent trait of his character"), *cert. denied*, 531 U.S. 1019, 121 S. Ct. 582, 148 L. Ed. 2d 498 (2000) ; *State v. Syriani*, 333 N.C. 350, 384, 428 S.E.2d 118, 136 (same), *cert. denied*, 510 U.S. 948, 114 S. Ct. 392, 126 L. Ed. 2d 341 (1993); *State v. Cummings*, 332 N.C. 487, 507, 422 S.E.2d 692, 703 (1992) (same); *State v. Garner*, 330 N.C. 273, 289-90, 410 S.E.2d 861, 870 (1991) (same); *State v. Gappins*, 320 N.C. 64, 70, 357 S.E.2d 654, 658 (1987) (same); *State v. Clapp*, ___ N.C. App. ___, ___,761 S.E.2d 710, 718-19 (2014)

(concluding, in defendant's trial for sexual offenses against a 13, 14, or 15 year old child, that evidence defendant worked well with children and did not have an unnatural lust to have sexual relations with children was not pertinent and was "nothing more than an attestation to Defendant's normalcy"); *State v. Wagoner*, 131 N.C. App. 285, 293, 506 S.E.2d 738, 743 (1998) ("[E]vidence of defendant's general psychological make-up is not pertinent to the commission of a sexual assault.") (internal quotation marks omitted), *disc. rev. denied*, 350 N.C. 105, 533 S.E.2d 476 (1999); *State v. Mustafa*, 113 N.C. App. 240, 246, 437 S.E.2d 906, 909 (determining that evidence of the defendant's good military record was not pertinent to a charge of rape), *cert. denied*, 336 N.C. 613, 447 S.E.2d 409 (1994). Applying the aforementioned principles, we now determine if defendant's evidence in the present case satisfied the requirements of Rule 404(a)(1).

In his proffer of character witness testimony to the court, defendant's counsel asserted three potentially pertinent traits to which the witnesses would attest: (1) defendant's good character; (2) defendant's law-abiding nature; and (3) defendant's respect towards children. We conclude, and defendant does not dispute, that the trial court correctly prohibited testimony of defendant's general character under Rule 404(a). We also conclude that testimony about defendant's law-abiding character trait was properly allowed under Rule 404(a)(1). *See Squire*, 321 N.C. at 548, 364 S.E.2d at 358. As to the last trait, we hold that the trial court did not err in prohibiting evidence of defendant's respectful attitude towards children. Being

respectful towards children does not bear a special relationship to the charges of child sexual abuse, *Laws*, 345 N.C. at 596, 481 S.E.2d at 647, nor is the proposed trait sufficiently tailored to those charges, *Squire*, 321 N.C. at 546, 364 S.E.2d at 357. Having a respectful or thoughtful attitude towards children does not preclude a defendant from sexually abusing them. *Sexton,* 336 N.C. at 360, 444 S.E.2d at 901 (requiring that Rule 404(a)(1) be restrictively construed). Such evidence would only be relevant if defendant were accused in some way of being disrespectful towards children or if defendant had demonstrated further in his proffer that a person who is respectful is less likely to be a sexual predator. Defendant provided no evidence that there was a correlation between the two or that the trait of respectfulness has any bearing on a person's tendency to sexually abuse children. As detailed above, our case law has repeatedly held that peacefulness is a pertinent trait with regards to alleged acts of violence (under which defendant's charges would fall) and that truthfulness is admissible as a pertinent trait when defendant is charged with crimes involving dishonesty. Defendant cites no case law from our appellate courts in which we found traits similar to respectfulness towards children to be pertinent. To the contrary, the Court of Appeals recently determined in *State v. Clapp* that the defendant's trait of "working well with children" was not pertinent under Rule 404(a)(1) when the defendant was charged with child sexual offenses. ___ N.C. App. at ___, 761 S.E.2d at 718-19. Accordingly, the Court of Appeals erred in the present case in overturning the trial court's ruling on this issue.

The State also contends that there was no error in the trial court's use of the pattern jury instructions that include the term "victim." At trial, counsel for defendant objected to the trial court's use of the pattern jury instructions and requested that the court substitute the phrase "alleged victim" for "victim" when giving the jury charge. The trial court did not modify the pattern instructions and instructed the jury, in relevant part, as follows, in accordance with North Carolina Pattern Jury Instructions, Criminal, 207.15.1 and 207.45.1:

> First degree sexual offense. The defendant has been charged with two counts, two charges of first degree sexual offense. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt.
>
> First, that the defendant engaged in a sexual act with the *victim*. A sexual act means fellatio, which is any touching by the lips or tongue of one person and the male sex organ of another, or any penetration, however slight, by an object into the genital opening of a person's body.
>
> Second, that at the time of the acts alleged the *victim* was a child under the age of 13.
>
> And third, that at the time of the alleged offense the defendant was at least 12 years old and was at least four years older than the *victim*.
>
> Now if you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant engaged in a sexual act with the *victim*, E.C., in the living room area of the defendant's house by inserting his finger into her vagina and that at that time the *victim* was a child under the age of 13 years, and that the defendant was at least 12 years old, and was at least four years older than the *victim*, it would be your duty to return a

verdict of guilty. If you do not so find or if you have a reasonable doubt as to one or more of these things, it will be your duty to return a verdict of not guilty.

Also, if you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant engaged in a sexual act with the *victim*, J.C., in the defendant's bedroom by having the *victim* place his penis in her mouth, and that at the time the *victim* was a child under the age of 13 years, and that the defendant was at least 12 years old and was at least four years older than the *victim*, it would be your duty to return a verdict of guilty.

If you do not so find or if you have a reasonable doubt as to one or more of these things, it will be your duty to return a verdict of not guilty.

First degree rape. The defendant has been charged with three counts of first degree rape. For you to find the defendant guilty of this offense the State must prove three things beyond a reasonable doubt.

First, that the defendant engaged in vaginal intercourse with the *victim*. Vaginal intercourse is penetration, however slight, of the female sex organ by the male sex organ. The actual emission of semen is not necessary. It is not necessary that the vagina be entered or that the hymen be ruptured. The entering of the labia is sufficient to establish this element.

Second, at the time of the acts alleged the *victim* was a child under the age of 13 years.

And third, that at the time of the acts alleged the defendant was at least 12 years old and was at least four years older than the *victim*.

So if you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant engaged in vaginal intercourse with the *victim*, J.C., in

the defendant's car and that at the time the victim was a child under the age of 13 years, and that the defendant was at least 12 years old and was at least four years older than the *victim*, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant engaged in vaginal intercourse with the *victim*, J.C., in the bathroom of the defendant's home and that at that time the *victim* was a child under the age of 13 years and that the defendant was at least 12 years old and was at least four years older than the *victim*, it would be your duty to return a verdict of guilty. If you do not so find or if you have a reasonable doubt as to one or more of these things, it will be your duty to return a verdict of not guilty.

Now if you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant engaged in vaginal intercourse with the *victim*, J.C., in the second bedroom of the defendant's home and that at that time the *victim* was a child under the age of 13 years, and that the defendant was at least 12 years old, and was at least four years older than the *victim*, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it will be your duty to return a verdict of not guilty.

*See* 1 N.C.P.I.–Crim. 207.15.1, 207.45.1 (Jan. 2002) (emphases added).

The Court of Appeals determined that the trial court erred in using the word "victim" instead of "alleged victim" in the jury instructions because whether the prosecuting witnesses were victimized "was a disputed issue of fact for the jury to resolve," given the lack of physical evidence. *Walston*, ___ N.C. App. at ___, 747

S.E.2d at 727.  The State insists that the Court of Appeals' conclusion is contrary to our long-standing precedent.  We agree.

The jury charge is one of the most critical parts of a criminal trial.  "Pattern" jury instructions have existed for years, compiled as trial court judges individually developed effective, appeals-tested instructions and informally shared them with each other.   1 N.C.P.I.–Crim. Intro. 3-4 (2014).  That process was formalized in North Carolina in the 1960s when the North Carolina Conference of Superior Court Judges appointed a committee of trial court judges to systematically draft pattern jury instructions to be used across the state.  *Id*. at 4.  The first edition of the North Carolina Pattern Jury Instructions was published for public use in 1973.  *Id*. at 5.  Since then, subsequent committees have continued the meticulous work of refining and revising the pattern instructions to reflect changes in both the general statutes and case law.  *Id*.

Though the pattern instructions have "neither the force nor the effect of law," *State v. Warren*, 348 N.C. 80, 119, 499 S.E.2d 431, 453, *cert. denied*, 525 U.S. 915, 119 S. Ct. 263, 142 L. Ed. 2d 216 (1998), we have often approved of jury instructions that are consistent with the pattern instructions, *see, e.g.*, *State v. Steen*, 352 N.C. 227, 275, 536 S.E.2d 1, 29 (2000) (approving of jury instructions that followed the pattern instructions "almost verbatim"), *cert. denied,* 531 U.S. 1167, 121 S. Ct. 1131, 148 L. Ed. 2d 997 (2001); *State v. DeCastro*, 342 N.C. 667, 693, 467 S.E.2d 653, 666

(holding that instructions "virtually identical" to the pattern jury instructions were a correct statement of the law), *cert. denied*, 519 U.S. 896, 117 S. Ct. 241, 136 L. Ed. 2d 170 (1996). Those holdings reflect the continual efforts of the pattern jury instructions committees to draft instructions consistent with "the long-standing, published understanding" of our case law and statutes. *Stark v. Ford Motor Co.*, 365 N.C. 468, 478, 723 S.E.2d 753, 760 (2012). That being said, in giving jury instructions, "the court is not required to follow any particular form," as long as the instruction adequately explains "each essential element of the offense." *State v. Avery,* 315 N.C. 1, 31, 337 S.E.2d 786, 803 (1985) (citation and quotation marks omitted).

The term "victim" appears frequently in our state's pattern jury instructions. Unsurprisingly, this is not the first time we have addressed whether use of the term in jury instructions is error. In *State v. Hill*, we concluded that use of the term "victim" was not improper and was not "intimating that the defendant committed the crime." 331 N.C. 387, 411, 417 S.E.2d 765, 777 (1992), *cert. denied,* 507 U.S. 924, 113 S. Ct. 1293, 122 L. Ed. 2d 684 (1993). We made the same observation in *State v. Gaines*. 345 N.C. 647, 675, 483 S.E.2d 396, 413, *cert. denied,* 522 U.S. 900, 118 S. Ct. 248, 139 L. Ed. 2d 177 (1997). In *State v. McCarroll*, in which a defendant was charged with several child sexual abuse counts, we considered the defendant's argument that the trial court's use of the term "victim" in the jury charge was prejudicial when referring to the thirteen-year-old prosecuting witness.

336 N.C. 559, 565-66, 445 S.E.2d 18, 22 (1994). Observing that "[t]he judge properly placed the burden of proof on the State" in his instructions, we determined the trial court did not commit plain error in its use of the word "victim" in that case. *Id.* at 566, 445 S.E.2d at 22.

Accordingly, we hold in this case that the trial court did not err in using the word "victim" in the pattern jury instructions to describe the complaining witnesses. We stress, however, when the State offers no physical evidence of injury to the complaining witnesses and no corroborating eyewitness testimony, the best practice would be for the trial court to modify the pattern jury instructions at defendant's request to use the phrase "alleged victim" or "prosecuting witness" instead of "victim." As the pattern jury instructions themselves note, "all pattern instructions should be carefully read and adaptations made, if necessary, before any instruction is given to the jury." 1 N.C.P.I.–Crim. at xix ("Guide to the Use of this Book") (2014).

The trial court was correct in concluding that defendant's character evidence of his respectful attitude towards children was inadmissible under Rule of Evidence 404(a)(1). Such testimony was not tailored to a pertinent trait of defendant's character. So too, the trial court's use of the word "victim" in the jury instructions was not error. It was improper for the Court of Appeals to order a new trial based on these two issues. On remand the Court of Appeals should address fully whether the trial court's application of the former expert witness standard was prejudicial

error.  The decision of the Court of Appeals is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Justice HUNTER did not participate in the consideration or decision of this case.