BRYANT, Judge.
Where defendant cannot establish any plain error in the trial court's instructions on consent or its use of the term "victim," and where defendant cannot establish a viable ineffective assistance of counsel claim, we find no error and uphold the judgment of the trial court.
Facts
On 27 October 2014, defendant Oscar Gallegos was indicted on charges of second-degree rape and second-degree sexual offense. A jury trial was conducted during the 19 January 2016 criminal session of Wake County Superior Court, the Honorable G. Wayne Abernathy, Judge presiding.
At trial, the evidence tended to show that "Kathy"[1] (age thirty-two at the time of trial) began a dating relationship with defendant in 2008. By 2010, Kathy had moved in with defendant and relocated to the Raleigh/Durham area. The couple had two children-one born in 2011, the other in 2013. By July 2014, the couple split up. Kathy and the two children moved to another apartment.
On 27 September 2014, Kathy needed to go to work, and her regular care provider was unavailable. Kathy reluctantly called defendant for help. Defendant stated he would pick up the children at 6:00 a.m.; however, defendant arrived at Kathy's apartment at 3:30 a.m. Defendant knocked hard on the door and then the window of the room where Kathy and the children slept. When the youngest child began to cry, Kathy got up and answered the door. She smelled alcohol on defendant's breath. Defendant entered the apartment as Kathy went back to the bedroom to calm the crying child. When she returned, defendant had taken off his coat and was holding a beer. Kathy refused defendant's invitation to drink and told defendant that she would not have gotten up to answer the door but for the crying child. They argued about defendant's presence in the apartment and money for child support, and then, defendant "came at [her]."
Defendant moved Kathy from the dining room to the living room by gripping her hair and neck and waist. While she struggled and told him "[n]o," defendant pinned Kathy to the floor, undressed himself, and tore her underwear from beneath her nightgown, while hitting her and forcing his penis into her vagina. Kathy went on to testify that she was able to push defendant off of her and attempted to get up. But defendant "grab[bed] [her] by [her] back" and pushed her head down onto a sofa. Defendant then forced anal sex upon her. Afterwards, defendant "just simply fell asleep." Kathy got dressed, gathered her children, locked her bedroom door, barricaded herself and her children in her bedroom closet, and called the police. When police officers arrived, defendant was naked and asleep on the sofa. His pants and her torn underwear were on the floor. Kathy "was crying and extremely upset" and told officers she had been sexually assaulted.
At trial, a sexual assault nurse examiner ("SANE nurse") testified to her observations of Kathy's body. The SANE nurse noted "reddened streaks" to Kathy's back, bruising above the knee and on the buttock, abrasions to the neck, redness to the inner vaginal area, blood in the vaginal canal, lacerations in the anal area, and tenderness to the neck, back, back of the head, and left side of the face.
Kathy testified to previous instances during which defendant forced Kathy to engage in sexual activity. That testimony exhibited a pattern: defendant would drink and tell Kathy that he wanted to have "relations" with her; she would tell him no, but in the end, "[she] would cede as long as he would leave [her] in peace." Kathy testified that she had sex with defendant on two occasions following their separation because she "felt [she] had no other option to be able to cover [her] expenses. And when he wanted to be with [her], he would give [her] money for the girls."
Defendant testified in his own defense to the history of his relationship with Kathy. He said he and Kathy had a great relationship and an active sex life that included anal sex and Kathy's wrists being bound with scarves or handcuffs. Defendant testified that, after their separation, he and Kathy had four sexual encounters. The first time, defendant said he went to Kathy's apartment to talk about the children, initiated the sexual encounter, and stayed the night. The second sexual encounter occurred after Kathy called him to pick up the children. Defendant testified that the call "was an excuse for me to come over ... [Kathy] was the one that wanted to be with me." The third sexual encounter occurred when defendant went to Kathy's apartment to pick up products for his hair. Defendant testified that after arguing, Kathy "told me ... all she wanted to do is have the best of me, which was sex." On 27 September 2014, the date of the offenses alleged in the indictment, defendant testified he initiated the sexual encounter after Kathy asked him to watch the children. He testified that the latest encounter, like all the previous encounters, was consensual.
A jury found defendant guilty of second-degree rape and second-degree sex offense. Defendant appealed.
_________________________
On appeal, defendant raises the following issues: did the trial court commit plain error by (I) failing to instruct the jury on the theory of reasonable belief of consent and (II) referring to the prosecuting witness as a "victim." Defendant alternatively questions (III) whether he was denied effective assistance of counsel.
I.
Defendant contends that the trial court committed plain error by failing to instruct the jury on a theory, asserted for the first time on appeal, that he was entitled to an instruction on a reasonable belief of consent. We disagree.
Unpreserved issues in criminal cases "may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4) (2017); see also State v. Goss , 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007). Our North Carolina Supreme Court "has elected to review unpreserved issues for plain error when they involve ... errors in the judge's instructions to the jury...." State v. Gregory , 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). Plain error is a two-pronged test which requires the defendant to prove (1) that the trial court erred and (2) "that absent the error, the jury probably would have reached a different result." State v. Jordan , 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993) (citation omitted).
The trial court has a duty "to instruct the jury on all substantial features of a case raised by the evidence." State v. Shaw , 322 N.C. 797, 803, 370 S.E.2d 546, 549 (1988) (citation omitted). A jury instruction is required for a defense where there is substantial evidence of each element of the defense, when viewed in the light most favorable to the defendant. State v. Mash , 323 N.C. 339, 348, 372 S.E.2d 532, 537 (1988) ; State v. Ferguson , 140 N.C. App. 699, 706, 538 S.E.2d 217, 222 (2000). Substantial evidence is that which a reasonable person would find sufficient to support a conclusion. State v. Vause , 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991). "Failure to instruct upon all substantive or material features of the crime charged is error." State v. Bogle , 324 N.C. 190, 195, 376 S.E.2d 745, 748 (1989) (citation omitted).
Throughout his case-in-chief, defendant contended that Kathy consented to the sexual acts. The trial court correctly instructed the jury that in order to find defendant guilty of second-degree rape or second-degree sexual offense, they must find that the "victim did not consent and [the sexual acts were] against her will." Defendant did not object to the instruction on consent and, therefore, failed to preserve this new enhanced theory regarding consent. Now, on appeal, defendant contends that evidence presented to the trial court was sufficient to support a different instruction, despite defendant's failure to raise the additional or expanded defense of consent or to submit in writing a proposed instruction for the trial court's consideration prior to instructing the jury.
Defendant now alleges he was entitled to a specific instruction that if the jury found defendant had a reasonable belief the victim consented to the sexual acts, he should be found not guilty. Notwithstanding defendant's argument, he notes in his brief that no "North Carolina case has expressly held that a defendant's reasonable belief in a complainant's consent is a defense to rape or sexual offense." Thus, where the "reasonableness of a defendant's belief in whether the victim was consenting to sexual acts" has not been recognized by our courts as a defense, failure of the trial court to give such instruction sua sponte cannot be held to be error. Further, defendant's argument on appeal is in essence a continuation of his sole theory of defense at trial-that Kathy consented to the sexual acts.
Even assuming-and we do not-defendant was entitled to the instruction he now requests, failure to give such did not amount to plain error. See State v. Lawrence , 365 N.C. 506, 512, 723 S.E.2d 326, 330 (2012) ("Because the plain error standard of review imposes a heavier burden on the defendant than the harmless error standard, it is to the defendant's advantage to object at trial and thereby preserve the error for harmless error review."). At trial, defendant testified that he and Kathy had four sexual encounters after their separation, including the encounter of 27 September 2014. According to defendant, each prior encounter followed a similar pattern: defendant would arrive at Kathy's apartment in the evening, usually after work; defendant and Kathy would discuss their children; and defendant and Kathy would engage in sexual intercourse-both vaginal and anal-in Kathy's living room.
However, defendant's testimony showed that he deviated from this pattern during the 27 September 2014 encounter. Defendant testified that he slapped Kathy and grabbed her neck. He testified that he had slapped Kathy before, but that he got "rough" and slapped her "a little hard" during the encounter in question. While defendant testified that prior to their separation he and Kathy had an active sex life involving ties and handcuffs, he did not acknowledge that they had previously had sex as rough as during the 27 September encounter. Defendant admitted that during their prior sexual encounters, Kathy did not call the police, but on 27 September, she did call the police. Evidence taken upon examination by the SANE nurse, including photographs, document Kathy's injuries from the violent encounter: "reddened streaks" to Kathy's back, bruising above the knee and on the buttock, abrasions to the neck, redness to the inner vaginal area, blood in the vaginal canal, lacerations in the anal area, and tenderness to the neck, back, back of the head, and left side of the face.
Even when taken in the light most favorable to defendant, the evidence tends to show that defendant significantly deviated from his and Kathy's prior pattern of sexual behavior by engaging in violence. Because of the overwhelming evidence of physical violence defendant committed during the sexual assault, defendant cannot establish plain error in the court's failure to instruct the jury that they could consider the reasonableness of defendant's belief that Kathy was consenting, as there is not a reasonable possibility the jury would have reached a different verdict. The jury instruction given to the court-that before they could convict defendant of second-degree rape and sexual assault, the jury must find beyond a reasonable doubt that Kathy did not consent and that the acts were against her will-was sufficient for the jury to determine the factual issue of consent. The jury heard Kathy's testimony that on 27 September 2014, she did not consent and defendant's testimony that she did consent (and/or that he believed she consented). The trial court did not err, and the jury verdict stands.
II.
Defendant additionally contends that the trial court committed plain error by referring to the complainant as a "victim" in the jury instructions. We disagree.
Where the defendant does not object to a jury instruction, the instruction is reviewed for plain error. State v. Richardson , 112 N.C. App. 58, 66, 434 S.E.2d 657, 663 (1993). There is no plain error in the use of the term "victim" in the jury instructions. See State v. Walston , 367 N.C. 721, 723, 766 S.E.2d 312, 314 (2014) ("Based on long-standing precedent, the trial court's use of the term 'victim' was not impermissible commentary on a disputed issue of fact."). While the Supreme Court has cautioned against using the term "when the State offers no physical evidence of injury to the complaining witness," the Court merely suggests as a best practice that "the trial court modify the pattern jury instructions at defendant's request to use the phrase 'alleged victim' or 'prosecuting witness' instead of 'victim.' " Id. at 732, 766 S.E.2d at 319.
Here, the trial court did not err by including the term "victim" in the jury instructions, where defendant made no objection or special request and where the State presented substantial evidence of physical injury. Evidence of injury was noted on Kathy's face, head, neck, back, knees, and anal and vaginal areas. Photographs further documented Kathy's physical injuries.
Notwithstanding the evidence of physical injury, the trial court additionally modified the instructions to substitute the term "prosecuting witness" for "victim" in parts of the jury instructions. Defendant neither requested the change nor objected to the use of the term "victim," and neither defendant nor the State objected to the substitution. The written instructions were also modified to reflect the change before being sent to the jury. Based on this record, the trial court did not err by referring to the complainant as a "victim" in parts of the jury instructions. Defendant's argument is overruled.
III.
Finally, defendant alternatively argues that he was denied effective assistance of counsel. Defendant contends that by failing to request an instruction as to a reasonable belief of consent, defense counsel's performance fell below an objective standard of reasonableness. We disagree.
To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
State v. Allen , 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006) (citations omitted). "Decisions concerning which defenses to pursue are matters of trial strategy and are not generally second-guessed by this Court." State v. Prevatte , 356 N.C. 178, 236, 570 S.E.2d 440, 472 (2002) (citation omitted).
Defense counsel did not request an instruction on reasonable belief of consent and such an instruction has not been specifically recognized by our courts. See supra Issue I. Nevertheless, defense counsel did pursue a vigorous consent defense. That said, this Court will not second-guess defense counsel's trial strategy. Defendant cannot show that defense counsel's conduct, by failing to request an instruction on a defense that is not recognized by our courts, fell below an objective standard of reasonableness. As such, defendant cannot show that there is a reasonable probability that, but for defense counsel's failure to request the instruction, the outcome of the trial would have been different.[2]
We find defendant was not denied the effective assistance of counsel.
Conclusion
The trial court did not commit error, plain or otherwise, in not instructing the jury on the unrecognized defense of "reasonable belief of consent" in this sexual assault case. The trial court did not commit plain error in referring to the prosecuting witness as "victim" during the jury instructions. Where defendant's ineffective assistance of counsel claim was based on defense counsel's failure to request an instruction on the unrecognized defense of reasonable belief of consent, his claim must fail.
NO ERROR.
Report per Rule 30(e).
Judges STROUD and DAVIS concur.

A pseudonym has been used to protect the identity of the victim.

See supra Issue I.