IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1031

Filed 31 December 2024

Beaufort County, Nos. 17CRS52280-83, 17CRS52285, 22CRS804

STATE OF NORTH CAROLINA,

v.

JERRY DARRELL WILSON, Defendant.

Appeal by defendant from judgment entered 2 December 2022 by Judge Alma L. Hinton in Superior Court, Beaufort County. Heard in the Court of Appeals 14 May 2024.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Justin Isaac Eason, for the State.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for defendant-appellant.*

STROUD, Judge.

Defendant appeals his conviction for felony second-degree kidnapping entered after a jury found him guilty of kidnapping and four counts of felony indecent liberties with a child. Defendant argues that the trial court plainly erred in its jury instructions and he is entitled to a new trial on the kidnapping charge. The State concedes error in the jury instructions but contends the instructions did not prejudice Defendant. Because the trial court instructed the jury as to kidnapping theories not included in the indictment and Defendant has demonstrated this instructional error rises to the level of plain error, we vacate Defendant's second-degree kidnapping

conviction and remand for a new trial on the kidnapping charge only.

## I.    Factual and Procedural Background

In December 2017, the Beaufort County Sheriff's Office began investigating allegations of sexual misconduct occurring over a period of years by Defendant against Claire,[1] his step-granddaughter.  The allegations centered around a pattern of inappropriate sexual behavior during the years when Claire was ages ten to fourteen.  The investigation began in 2017 because Claire had not previously disclosed the abuse for fear of disrupting her family life.  Ultimately, Defendant was charged with many sexual offenses committed over a period of years against three females, two of whom were minors.  As to Claire, he was charged with four counts of sexual servitude of a child victim in violation of North Carolina General Statute Section 14-43.13; five counts of indecent liberties with a child; statutory first-degree sex offense with a child by an adult; one count of first-degree kidnapping by unlawful confinement "for the purpose of subjecting and maintaining her for sexual servitude[;]" and two counts of sex offense in a parental role.  Fourteen charges were submitted to the jury; all but one of these charges related to offenses involving Claire.

At trial, Claire testified about many occasions Defendant had sexually abused her in various ways over a period of several years.  We will not discuss most of this evidence but will limit our discussion to the evidence relevant to the issue on appeal

---

[1] We have used a pseudonym to protect the identity of Claire.

as to second-degree kidnapping based on a theory of sexual servitude in 2015. The evidence tended to show that in 2015, Defendant entered Claire's bathroom while she was changing and told her she "couldn't come out of the bathroom until [she] took pictures of . . . [her] breasts." Claire testified Defendant gave her his phone to take the pictures and stood outside the locked bathroom door for about 25 or 30 minutes until she took them. Claire testified she felt "[f]orced" to take the pictures and that "I did what he told me to do so I could come out, but on the inside I wanted to stay in because I was so ashamed." Claire's mother testified she had suffered similar abuse when, at one point, her "dad wanted a picture of [her] breasts and . . . got it." She testified that he took her into a bedroom, closed and locked the door, stood between her and the door, and made her hold up her shirt so he could take a picture. A Beaufort County detective also testified to the results of his investigations that supported these claims. Defendant testified in his own defense but offered no further evidence outside of certain *voir dire* proceedings.

The trial court instructed the jury as to the first-degree kidnapping charge based on "serious injury" with a lesser included offense of second-degree kidnapping based on a theory of involuntary servitude, not sexual servitude as alleged in the indictment. In the closing arguments, the State argued Defendant should be convicted of kidnapping based on involuntary servitude, arguing that "[t]he involuntary servitude is making her take the photograph of herself. And you'll hear the Judge define that for you. But having her take a photograph of herself, a sexual

photograph, a photograph she did not want to take, qualifies as involuntary servitude." The trial court instructed the jury to find Defendant guilty of second-degree kidnapping if it determined in relevant part that he did not "seriously injure" Claire but kidnapped her "for the purpose of holding . . . [her] in involuntary servitude[.]" Defendant did not object to either the State's argument or the trial court's instruction as to "involuntary servitude."

The jury found Defendant guilty of one count of second-degree kidnapping and five counts of indecent liberties. Defendant also pled guilty to one additional count of indecent liberties.[2] Relevant to the issues on appeal, the jury found Defendant "not guilty of sexual servitude" for the "alleged dates of 3/1/15 through 6/1/15" and "guilty of indecent liberties with a child" for the same alleged dates. The jury also found Defendant guilty of second-degree kidnapping for the "alleged dates of 3/01/15 through 6/01/15." Defendant gave oral notice of appeal from the judgment.

## II. Jurisdiction

Under North Carolina General Statute Sections 7A-27 and 15A-1444, this Court has jurisdiction to hear Defendant's appeal of the trial court's entry of final judgment for his convictions. N.C. Gen. Stat. § 7A-27(b)(1) (2023) (superior court's final judgment); N.C. Gen. Stat. § 15A-1444(a)(1) (2023) (pled not guilty but found

---

[2] Fourteen charges were submitted to the jury and Defendant was convicted of six charges. Five of the counts of indecent liberties involved Claire; one involved another victim. The charges of indecent liberties arose from various incidents when Defendant touched Claire on her breasts. Only one of the charges for which Defendant was convicted, second-degree kidnapping, is at issue in this appeal.

guilty).

## III.    Standard of Review

Defendant did not object to the jury instructions at trial, so review on appeal is limited to plain error. A defendant may appeal "an issue . . . not preserved by objection noted at trial" only if he "specifically and distinctly contend[s]" that the "judicial action questioned . . . amount[s] to plain error." N.C. R. App. P. 10(a)(4). Defendant bears the burden of showing "a fundamental error . . . at trial" that so "prejudice[d]" him as to have "a probable impact on the jury's" guilty verdict. *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). Our Supreme Court has further discussed the "probable impact" prong as "meaning that absent the error, the jury probably would have returned a different verdict." *State v. Reber*, 386 N.C. 153, 158, 900 S.E.2d 781, 786 (2024). Generally, the error should "be one that seriously affects the fairness, integrity or public reputation of judicial proceedings[.]" *Id.* (quotation marks and brackets omitted).

We review the jury instructions in their entirety to determine if the jury may have been misled or misinformed about the applicable law:

> The charge of the court must be read as a whole, in the same connected way that the judge is supposed to have intended it and the jury to have considered it. It will be construed contextually, and isolated portions will not be held prejudicial when the charge as whole is correct. If the charge presents the law fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal.

*State v. Tadeja*, 191 N.C. App. 439, 448, 664 S.E.2d 402, 409-10 (2008) (citations omitted).

## IV.  Jury Instructions on Kidnapping

On appeal, Defendant contends the trial court plainly erred by instructing the jury that it could convict him of the kidnapping charge based on a theory not alleged in the indictment.  The indictment alleged first-degree kidnapping in violation of North Carolina General Statute Section 14-39 based on sexual servitude, but the trial court instructed the jury on first-degree kidnapping based on involuntary servitude, a different element of the crime of kidnapping as defined by North Carolina General Statute Section 14-43.12.   *See* N.C. Gen. Stat. § 14-39 (2023); N.C. Gen. Stat. § 14-43.12 (2023).  The indictment alleged Defendant had kidnapped Claire "by unlawfully confining her . . . without the consent of [Claire's] parent or legal guardian, and for the purpose of subjecting and maintaining her for sexual servitude. [Claire] was sexually assaulted."

The State "acknowledges that the trial court gave an instruction covering involuntary servitude" and "[i]nsofar as the instructions given allowed the jury to convict on grounds other than those charged in the indictment, they were error." Although the indictment was based on sexual servitude, the trial court instructed the jury on kidnapping based on "holding the person in involuntary servitude, which is the unlawful holding of a person against her will by coercion or intimidation for the performance of labor."  The State notes that "there currently does not appear to be

any pattern jury instruction available for kidnapping for the purpose of sexual servitude, so the trial court gave the only kidnapping instruction involving servitude." But the State contends that the erroneous jury instruction was not a "fundamental error" and the jury probably would not have reached a different verdict but for this instructional error.

We first note that the State's claim that the pattern jury instructions do not address sexual servitude is not entirely correct. It is true that North Carolina Pattern Instruction Criminal 210.26, entitled "First Degree Kidnapping (involuntary servitude) covering second degree kidnapping as a lesser included offense" (capitalization altered), does not include an option as to sexual servitude; it includes only involuntary servitude. N.C.P.I. Crim. 210.26. But other pattern jury instructions do address the crime of sexual servitude and sexual servitude of a minor, *see* N.C.P.I. Crim. 210.70 ("Sexual Servitude") and 210.72 ("Sexual Servitude of a Minor"), and the instructions refer to the statutes defining both involuntary servitude and sexual servitude. And the trial court actually instructed the jury on the crime of sexual servitude, based upon North Carolina Pattern Instruction 210.70, as four counts of this offense were submitted to the jury. The kidnapping statute also refers directly to North Carolina General Statute Section 14-43.13 for the definition of "sexual servitude" and the same definition applies for both the crime of sexual servitude and the element of sexual servitude regarding the kidnapping charge. *See* N.C. Gen. Stat. § 14-39 ("Kidnapping"); N.C. Gen. Stat. § 14-43.13 ("Sexual

servitude") (2023). The fact that the trial court instructed the jury as to sexual servitude and the jury found Defendant not guilty of all four charges tends to indicate that the jury considered the uncharged "involuntary servitude" to be something different from "sexual servitude," contrary to the State's argument on appeal.

We also note that the absence of a particular instruction in the pattern instructions is not an excuse to not give the correct legal instructions to the jury. As our Supreme Court has noted, the pattern jury instructions direct that "all pattern instructions should be carefully read and adaptations made, if necessary, before any instruction is given to the jury." *State v. Walston*, 367 N.C. 721, 732, 766 S.E.2d 312, 319 (2014) (citation and emphasis omitted). If the issues in a particular case call for an instruction not addressed in the pattern instructions, the trial court must adapt the instructions based upon the relevant law.

First, it is clear, as the State admits, the trial court erred in instructing the jury as to a theory not alleged in the indictment. Defendant was not charged with the crime of involuntary servitude in violation of North Carolina General Statute Section 14-43.12 or with kidnapping for the purpose of involuntary servitude in violation of North Carolina General Statute Section 14-39(a)(4). He was charged with the crime of sexual servitude in violation of North Carolina General Statute Section 14-43.13 and with kidnapping for the purpose of sexual servitude based on North Carolina General Statute Section 14-39(a)(6). These are two different crimes and both are defined by statutes specifically referenced in the kidnapping statute. *See*

N.C. Gen. Stat. § 14-39 ("Kidnapping").

Defendant was charged with the crime of kidnapping based on "sexual servitude" under North Carolina General Statute Section 14-39. This statute defines kidnapping:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
>
> . . . .
>
> (4) Holding such other person in involuntary servitude in violation of G.S. 14-43.12.[3]
>
> . . . .
>
> (6) *Subjecting or maintaining such other person for sexual servitude in violation of G.S. 14-43.13.*
>
> (b) There shall be two degrees of kidnapping as defined by subsection (a). If the person kidnapped either was not released by the defendant in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree and is punishable as a Class C felony. *If the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted, the offense is kidnapping in the*

---

[3] The crime of involuntary servitude is defined by North Carolina General Statute Section 14-43.12: "a) A person commits the offense of involuntary servitude when that person knowingly and willfully or in reckless disregard of the consequences of the action holds another in involuntary servitude." N.C. Gen. Stat. § 14-43.12 (2023).

*second degree* and is punishable as a Class E felony.

N.C. Gen. Stat. § 14-39 (emphasis added).

Although involuntary servitude is one of the potential bases for a conviction of kidnapping, *see id.*, Defendant was not indicted based on a theory of involuntary servitude. We also note Defendant was convicted of *second-degree* kidnapping, demonstrating the jury found Defendant was not guilty of committing "serious[ ] injury" to Claire, based upon the trial court's instructions, which did not instruct the jury as to the option of sexual assault upon Claire as one of the elements of first-degree kidnapping. The second-degree kidnapping conviction could be based only on "involuntary servitude" under the jury instructions as given.

For purposes of crimes set forth in Chapter 14, Subchapter 3, Article 10a of the General Statutes, "involuntary servitude" is defined as:

> a. The performance of labor, whether or not for compensation, or whether or not for the satisfaction of a debt; and
>
> b. By deception, coercion, or intimidation using violence or the threat of violence or by any other means of coercion or intimidation.

N.C. Gen. Stat. § 14-43.10(a)(3) (2023).

"Sexual servitude" is defined to include[4]:

> a. Any sexual activity as defined in G.S. 14-190.13 for

---

[4] The terms "coercion" and "deception" as used in the statute are also defined for purposes of Article 10(a) in North Carolina General Statute Section 14-43.10(a)(1) and (a)(2). *See* N.C. Gen. Stat. § 14-43.10(a)(1) (2023); *see also* N.C. Gen. Stat. § 14-43.10(a)(2) (2023).

which anything of value is directly or indirectly given, promised to, or received by any person, which conduct is induced or obtained by coercion or deception or which conduct is induced or obtained from a person under the age of 18 years; or

b. Any sexual activity as defined in G.S. 14-190.13 that is performed or provided by any person, which conduct is induced or obtained by coercion or deception or which conduct is induced or obtained from a person under the age of 18 years.

N.C. Gen. Stat. § 14-43.10(a)(5) (2023).

The kidnapping statute specifically refers to other statutes that define both "sexual servitude" and "involuntary servitude." *See* N.C. Gen. Stat. § 14-39(a). North Carolina General Statute Section 14-43.13 defines the crime of sexual servitude:

A person commits the offense of sexual servitude when that person knowingly or in reckless disregard of the consequences of the action subjects, maintains, patronizes, solicits, or obtains another for the purposes of sexual servitude.

N.C. Gen. Stat. § 14-43.13.

Defendant was charged with four counts of sexual servitude in violation of North Carolina General Statute Section 14-43.13, including a count occurring in 2015, during the same dates as alleged for kidnapping based on sexual servitude, but the jury found Defendant not guilty of all four counts of sexual servitude.

The jury found Defendant guilty of the lesser included offense of second-degree kidnapping, although he was charged with first-degree kidnapping based upon commission of a sexual assault. During the charge conference, the trial court and

counsel discussed which parentheticals in North Carolina Pattern Instruction 210.26 should be given to the jury. On the "fourth element" of the instruction on first-degree kidnapping, the State requested that the trial court use "sexually assault." We note that sexual assault was the element specifically included in the indictment for the first-degree kidnapping. But the trial court noted, based upon the evidence presented at trial as to the 2015 incident, that "[t]he picture is not a sexual assault." Defendant's counsel agreed that "this was related to the photograph incident and there was no contact whatsoever." The State then requested that the trial court instruct as to the option of "serious injury," arguing that Claire had a

> serious injury that she sustained as a result and that she still continues to suffer from today as a result of the sexual abuse perpetuated on her by [Defendant]. . . . And so I would argue to Your Honor based on that, that she has been seriously injured based on that whole spectrum of abuse that she suffered in taking the photographs, being locked -- you know, locked in this room, forced to take photographs of herself certainly . . . locked in the bathroom for about 30 minutes and only when she took the photographs was she released.

Based upon the years of sexual abuse, the State argued that Claire had suffered a "pretty significant emotional injury" as indicated by the evidence of "her cutting herself, being admitted to the hospital, seizures, therapy dog, about how this has totally altered her self-worth, her body image, everything, and how it has fractured her entire family of which she's still, you know, suffering the effects today." Ultimately, the trial court decided to give the instruction as to first-degree

kidnapping based upon "serious injury," although it would "not define seriously injured," and to instruct on the lesser-included offense of second-degree kidnapping based upon "the purpose of involuntary servitude, which was the production of the picture."

The trial court instructed the jury on all the crimes charged. Several portions of the instructions are relevant to the issues on appeal. First, the trial court's instruction on the charges of sexual servitude was based on North Carolina Pattern Instruction 210.70. Although the jury found Defendant not guilty of all four charges of sexual servitude, these instructions correctly define sexual servitude:

> The defendant has been charged in 17-CRS-52280, 17-CRS-52281, 17-CRS-52282 and 17-CRS-52283 with -- has been charged with sexual servitude.
>
> For you to find the defendant guilty of this offense, the State must prove two things beyond a reasonable doubt:
>
> First, that the defendant, by coercion of another person for the purpose of any sexual activity for which anything of value is directly or indirectly given or promised to any person for the purpose of any sexual activity that is performed or provided.
>
> And second, that the defendant did so knowingly.
>
> If you find from the evidence beyond a reasonable doubt that on or about the alleged dates, the defendant knowingly, by coercing another person for the purpose of any sexual activity for which anything of value is directly or indirectly given or promised to any person for the purpose of sexual activity that is performed or provided it would be your duty to return a verdict of guilty.

The trial court's instruction on the charge of kidnapping was based on North

Carolina Pattern Instruction 210.26, which refers to involuntary servitude, not sexual servitude; the trial court instructed the jury on the charge of first-degree kidnapping as follows:

> In 17-CRS-52285, the defendant has been charged with first degree kidnapping.
>
> For you to find the defendant guilty of this offense, the State must prove four things beyond a reasonable doubt:
>
> First, that the defendant unlawfully confined a person, that is, imprisoned her within a given area.
>
> Second, that the person had not reached her sixteenth birthday and her parent did not consent to this confinement. Consent obtained or induced by fraud or fear is not consent.
>
> Third, that the defendant did this for the purpose of holding the person in involuntary servitude, which is the unlawful holding of a person against her will by coercion or intimidation for the performance of labor.
>
> And fourth, that the person had been seriously injured.
>
> If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant unlawfully confined a person and that the person had not reached her sixteenth birthday and her parent did not consent to this confinement and that this was for the purpose of holding that person in involuntary servitude, and that the person had been seriously injured, it would be your duty to return a verdict of guilty of first degree kidnapping.
>
> If you do not so find or have a reasonable doubt as to one or more of these things, you would not return a verdict of guilty of first degree kidnapping, you must determine whether defendant is guilty of second degree kidnapping.
>
> Second degree kidnapping differs from first degree

kidnapping in that it is -- it is unnecessary for the State to prove that the person confined had been seriously injured.

If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant unlawfully confined a person and that the person had not reached her sixteenth birthday and that her parent did not consent to this and that this was for the purpose of holding that person in involuntary servitude, it would be your duty to return a verdict of guilty of second degree kidnapping.

Here, the trial court erred, as the State concedes, because it instructed the jury as to "a theory under [14-39(a)] totally distinct from the theory alleged in the indictment[.]" *State v. Brown*, 312 N.C. 237, 247, 321 S.E.2d 856, 862 (1984). The indictment specified "sexual servitude" but instead of an instruction based upon the indictment and the evidence presented, the jury was instructed upon a theory not charged, involuntary servitude. In addition, the jury's verdicts of not guilty as to the specific charge of sexual servitude alleged for the same dates as the kidnapping charge indicate it must have considered the "involuntary servitude" to be something entirely different from "sexual servitude," the crime for which Defendant was indicted.

In *Brown*, our Supreme Court found plain error in jury instructions where the defendant was convicted upon a theory not included in the indictment:

This Court has consistently held that it is error, generally prejudicial, for the trial judge to permit a jury to convict upon a theory not supported by the bill of indictment. *State v. Taylor*, 301 N.C. 164, 170, 270 S.E.2d 409, 413 (1980)[.] Unlike the short-form indictments authorized for homicide (N.C.Gen.Stat. § 15-144 (1983)) and rape (N.C.Gen.Stat. §

- 15 -

15-144.1 (1983)), an indictment charging first-degree kidnapping *must* include information "regarding the factual basis under which the State intends to proceed and, under the authority of *Taylor* and cases cited therein the State is limited to that factual basis at trial." *See also State v. Jerrett*, 309 N.C. 239, 307 S.E.2d 339 (1983) (indictment for kidnapping will not support conviction unless all elements of crime accurately and clearly alleged in indictment).

312 N.C. at 248-49, 321 S.E.2d at 863 (emphasis in original) (citations omitted).

In accord with *Brown* and *State v. Tucker*, 317 N.C. 532, 346 S.E.2d 417 (1986), the trial court plainly erred in instructing the jury on a theory not charged in the indictment and Defendant has demonstrated that the instructional error may have "tilted the scales and caused the jury to reach its verdict convicting . . . [D]efendant." *Tucker*, 317 N.C. at 539, 346 S.E.2d at 421 (citation and quotation marks omitted); *see also Brown*, 312 N.C. at 248-49, 321 S.E.2d at 863. "Defendant must, therefore, receive a new trial on the kidnapping charge for plain error in the jury instructions." *Tucker*, 317 N.C. at 540, 346 S.E.2d at 422. The trial court's erroneous instruction "had a probable impact on the jury's finding of guilt" and "absent the error, the jury probably would have returned a different verdict." *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334 (emphasis omitted); *Reber*, 386 N.C. at 158, 900 S.E.2d at 786. Thus, we conclude the trial court erred in its jury instructions and that instructional error rises to the level of plain error requiring a new trial on the kidnapping charge.

## V. Conclusion

We conclude the trial court plainly erred in the jury instructions as to

- 16 -

kidnapping and for the reasons stated above, Defendant is entitled to a new trial on the charge of first-degree kidnapping.

NEW TRIAL.

Judges CARPENTER and THOMPSON concur.